THOMAS P. MALONE, ESQ.
Attorney for the Defendants
350 Fifth Avenue, Suite 5016
New York, New York 10118
(212) 594-8515 ext. 205
Thomas P. Malone (TM8717)


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ESTATE OF ESSIE MAE KEYS, DEBRAH KEYS,
individually and legal representative of estate,                                    Case No.:  07-CV-6561

                                        Plaintiffs,                                    **NOTICE OF MOTION**

                -against-

UNION PLANTERS BANK, N.A. now REGIONS BANK
a subsidiary of REGIONS FINANCIAL CORPORATION,
REGIONS FINANCIAL CORPORATION,
COUNTRYWIDE HOME LOANS, INC. DBA
AMERICA'S WHOLESALE LENDER a subsidiary of
COUNTRYWIDE FINANCIAL CORPORATION,
COUNTRYWIDE FINANCIAL CORPORATION,
DAVID LESCH, ESQ., CHURCHILL HOMES, LLC,
BETTER HOMES DEPOT INC., BETTER HOMES DEPOT
OF THE BRONX INC., VENETIAN HOMES, INC.,
ERLAN HOLDING CORP., NEW YORK COMMUNITY
BANK, NEW YORK COMMUNITY BANCORP INC.,
C & G LAND ABSTRACT, LLC FIDELITY NATIONAL
TITLE INS. CO. a/k/a FIDELITY NATIONAL TITLE
GROUP, FIDELITY NATIONAL FINANCIAL, INC.,
Jointly and Severally,

                                        Defendants.
------------------------------------------------------------------X

            PLEASE TAKE NOTICE that, upon due consideration of Plaintiff's Amended

Complaint in the above-captioned case; the accompanying Memorandum of Law, with Exhibits

annexed thereto, dated December 3, 2007 of  Thomas P. Malone, Esq., counsel for defendants

Fidelity National Title Insurance Company, Fidelity National Title Group, Inc., Fidelity National

Financial, Inc., Churchill Homes, LLC, Better Homes Depot, Inc. New York Community Bank

(also sued herein as "New York Community BanCorp Inc.") and C&G Land Abstract, LLC

(collectively the "Defendants"); the accompanying Affidavit of Carrie Shay, Vice President of

defendant Fidelity National Title Insurance Company sworn to December 4, 2007; and the

accompanying affidavit of Claudia F. Spataro, President of defendant C&G Land Abstract, LLC

sworn to December 3, 2007; and all other prior papers and pleadings herein, the Defendants will

move this Court, before the Honorable Richard J. Howell, United State District Judge, at the United

States Courthouse, 500 Pearl Street, New York, New York 10007-1312 at a date and time to be

determined by the Court, for an Order dismissing the complaint with prejudice for failing to comply

with the Court's Scheduling Order of October 29, 2007 and pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedures for failure to state a cause of action, and granting such other and further

relief as this Court may deem just, equitable and proper.

Dated:  New York, New York
        December 4, 2007

                                        Respectfully submitted,

                                        Thomas P. Malone (TM8717)
                                        Attorney for defendants Fidelity National Title
                                        Insurance Company, Fidelity National Title
                                        Group, Inc., Fidelity National Financial, Inc.,
                                        Churchill Homes, LLC, Better Homes Depot,
                                        Inc. New York Community Bank, and C&G
                                        Land Abstract, LLC

                                        350 Fifth Avenue, Suite 5016
                                        New York, New York 10118
                                        (212) 594-8515 ext. 205

TO:

Debrah Keys
Plaintiff, in Propria Persona
4164 Wickham Avenue
Bronx, New York 10466

Regions Financial Corporation
417 North 20th Street
Birmingham, Alabama 35203

Regions Bank, N.A.
417 North 20th Street
Birmingham, Alabama 35203

Countrywide Financial Corporation
4500 Park Granada Blvd., CH-11
Calabasas, California 91302

Countrywide Home Loans, Inc.
DBA America's Wholesale Lender
4500 Park Granada Blvd., CH-11
Calabasas, California 91302

Better Homes Depot of the Bronx
One Old Country Road
Carle Place, New York 11514

Venetian Homes Inc.
One Old Country Road
Carle Place, New York 11514

Erlan Holding Corp.
467 North Avenue
New Rochelle, New York 10801

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
ESTATE OF ESSIE MAE KEYS, DEBRAH KEYS,
individually and legal representative of estate,                    Case No.:  07-CV-6561

                                        Plaintiffs,

              -against-

UNION PLANTERS BANK, N.A. now REGIONS BANK
a subsidiary of REGIONS FINANCIAL CORPORATION,
REGIONS FINANCIAL CORPORATION,
COUNTRYWIDE HOME LOANS, INC. DBA
AMERICA'S WHOLESALE LENDER a subsidiary of
COUNTRYWIDE FINANCIAL CORPORATION,
COUNTRYWIDE FINANCIAL CORPORATION,
DAVID LESCH, ESQ., CHURCHILL HOMES, LLC,
BETTER HOMES DEPOT INC., BETTER HOMES
DEPOT OF THE BRONX INC., VENETIAN HOMES,
INC., ERLAN HOLDING CORP., NEW YORK
COMMUNITY BANK, NEW YORK COMMUNITY
BANCORP INC., C & G LAND ABSTRACT, LLC
FIDELITY NATIONAL TITLE INS. CO. a/k/a FIDELITY
NATIONAL TITLE GROUP, FIDELITY NATIONAL
FINANCIAL, INC., Jointly and Severally,

                                        Defendants.

--------------------------------------------------------------------X


### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
### PLAINTIFFS' AMENDED COMPLAINT

                              Thomas P. Malone (TM8717)
                              Attorney for Fidelity National Title Insurance
                              Company, Fidelity National Title Group, Inc.,
                              Fidelity National Financial, Inc., Churchill
                              Homes, LLC, Better Homes Depot, Inc. New
                              York Community Bank, and C&G Land
                              Abstract, LLC

                              350 Fifth Avenue, Suite 5016
                              New York, New York 10118
                              (212) 594-8515 ext. 205

1

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES................................................................... 3, 4

LIST OF EXHIBITS............................................................................ 5

PRELIMINARY STATEMENT............................................................. 6

STATEMENT OF FACTS

A.  Facts and Prior Proceedings........................................................ 8

B.  Plaintiffs' Allegations................................................................ 11

ARGUMENT

THE COMPLAINT MUST BE DISMISSED WITH PREJUDICE

I.    Failure to Comply with the Court's Scheduling Order.................................. 12

II.   FRCP 12(B)(6) – Legal Standard................................................................ 12

III.  Plaintiffs' Claims are Bared by the Rooker-Feldman Doctrine......................... 13

IV.  In the Alternative, Plaintiffs' are Barred by Res Judicata
      or Case Law Doctrine........................................................................ 14

V.   Plaintiffs' Equal Protection Claim Fails on its Merits.................................. 16

CONCLUSION............................................................................................ 17

TABLE OF AUTHORITIES

Cases                                                                    Page

Sinay v. Lamson & Sessions Co., 948 F.2d 1037 (6th Cir. 1991)           12

In re: DeLorean Motor Co., 991 F. 2d 1236 (6th Cir. 1993)               12

Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987)       12

Teagardner v. Republic-Franklin, Inc. Pension Plan, 909 F. 2d 947,
950 (6th Cir. 1990).                                                     13

Hoblock v. Albany County Bd. of Elections, *422 F.3d 77, 85 (2d Cir. 2005)*  13

Garvin v. Bank of New York, 227 Fed. Appx. 7; 8; 2007 U.S. App.
LEXIS 7348, *3 (US Ct. of App. 2007)                                      13

D.C. Court of Appeals v. Feldman, 460 U.S. 462; 103 S. Ct. 1303;
75 L. Ed. 2d 206; 1983 U.S. LEXIS 150; 51 U.S.L.W. 4285 (1982)            13

Drew v. Chase Manhattan Bank, N.A. 1998 U.S. Dist. LEXIS 11616
(SDNY 1998)                                                               14

Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398, 69 L. Ed. 2d 103,
101 S. Ct. 2424 (1981)                                                    15

Maharaj v. BankAmerica Corp., 128 F.3d 94, 97 (2d Cir. 1997)              15

Garver v. Brown & Co. Securities Corp., 1998 U.S. Dist. LEXIS 1454        15

Allen V. McCurry, 449 U.S. 90, 95-96, 66 L. Ed. 2d 308, 101 S. Ct. 411 (1980)  15

Ferris v. Cuevas, 118 F.3d 122, 125-26 (2d Cir. 1997)                     15

Magleo Construction Corp. v. Oehlrivh, 292 A.D. 2d 429; 738 N.Y.S.2d 897;
2002 N.Y.App. Div. LEXIS 2510 (App. Div. 2nd Dept. 2002)                15

Long Is. Sav. Bank v Mihalios, 269 AD2d 502, 50                              15

Beube v English, 206 AD2d 339                                               15

Valdez v Garcia, 151 AD2d 471                                               15

Yoel v. Gandolf, 2007 U.S. Dist. LEXIS 17964, *14 (Disc. Ct., N. Ohio, 2007)   16

Rowe v. Bank One, 2000 U.S. App. LEXIS 24062 (Ct. of App. 6th Cir., 2000)    16

Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57, 98 S. Ct. 1729,
56 L. Ed. 2d 185 (1978)                                                     16

Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598,
26 L. Ed. 2d 142 (1970)                                                     16

Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977,
143 L. Ed. 2d 130 (1999)                                                    16

STATUTES

FRCP 12(b)(6)                                                               6, 12, 17

42 U.S.C. § 1983                                                            16

LIST OF EXHIBITS

| | |
|---|---|
| A. | Affidavit of Service in State Court Foreclosure Action |
| B. | Order of Publication in State Court Foreclosure Action |
| C. | Keys' July 3, 2001 Order to Show Cause |
| D. | Keys' August 29, 2001 Order to Show Cause |
| E. | State Court's November 29, 2001 Letter |
| F. | Keys' December 31, 2001 Motion |
| G. | June 4, 2002 Order of Justice Saks |
| H. | Keys' November 2, 2002 Notice of Appeal |
| I. | Keys' Counsel's September 29, 2002 and October 28, 2002 Letters |
| J. | Judgment of Foreclosure and Sale entered February 6, 2003 |
| K. | Keys' September 2, 2003 Order to Show Cause |
| L. | October 31, 2003 Order of Justice Owens |
| M. | Keys' November 25, 2003 Notice of Appeal |
| N. | Keys' August 30, 2004 Order to Show Cause |
| O. | December 10, 2004 Order of Justice Owens |
| P. | Keys' January 10, 2005 Notice of Appeal |
| Q. | March 7, 2006 Decision and Order of the Appellate Division, First Department |
| R. | June 8, 2006 Decision of the Court of Appeals |
| S. | October 12, 2006 Referee's Report of Sale and October 19, 2006 Referee's Deed |
| T. | Title Policies |
| U. | Scheduling Order dated October 29, 2007 |

Defendants Fidelity National Title Insurance Company, Fidelity National Title Group, Inc. and Fidelity National Financial, Inc. (collectively "Fidelity "), Churchill Homes, LLC, Better Home Depot, Inc., New York Community Bank (also sued herein as "New York Community BanCorp,Inc."), and C&G Land Abstract, LLC, by and through their counsel, Thomas P. Malone, Esq., respectfully submit this Memorandum of Law in support of their motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss with prejudice the Amended Complaint filed by Plaintiffs Estate of Essie Mae Keys and Debra Keys, individually and as legal representative of the estate ("Plaintiffs") for failure to state a cause of action upon which relief can be granted.

## PRELIMINARY STATEMENT

The Plaintiffs in the instant action were defendants in a state court foreclosure action entitled, <u>Union Planters Bank, N.A. v. Debrah Keys, et al.</u>, Supreme Court of the State of New York, County of Bronx, Index No.: 15633/2000 (hereinafter "State Court Foreclosure Action"). The State Court Foreclosure Action resulted in the Plaintiffs being divested of title to property known as 4164 Wickham Avenue, Bronx, New York (the "Property").

Plaintiffs appeared in the State Court Foreclosure Action and moved in 2003 for a temporary restraining order to stay the foreclosure sale and in 2004 to vacate the judgment of foreclosure and sale. Both motions were denied. Plaintiffs also noticed three appeals. One was abandoned and two were denied. The last was an appeal of the denial of their motion to vacate the judgment of foreclosure and sale entered on August 1, 2003. The New York State Supreme Court, Appellate Division, by decision and order dated March 7, 2006 upheld the lower court's denial of the

Plaintiffs motion in the State Court Foreclosure Action.    Leave to appeal to the New York State Court of Appeals was denied.

Over a year after the denial of their appeal, the Plaintiffs initiated the instant action in federal court by the filing of a Complaint for Declaratory Judgment and Injunctive Relief dated July 20, 2007 and filed on August 2, 2007 ("Complaint").    Pursuant to the Scheduling Order of the Hon. Richard J. Howell dated October 29, 2007, Plaintiffs filed an Amended Complaint dated and filed on November 13, 2007 ("Amended Complaint").

As best can be determined, the Complaint alleges the defendants deprived the Plaintiffs of their constitutional right of due process to deprive Plaintiffs of the Property.  The Plaintiffs seek, *inter alia*, to set aside the transfer of the Property and for an injunction against the current owner of the Property, defendant Better Homes Depot, Inc., in an effort to stay an eviction proceeding in the Civil Court of the City of New York, Bronx County, Housing Part.

The Plaintiffs' Complaint should be dismissed with prejudice as a matter of law.   Under the *Rooker-Feldman* doctrine, a federal district court lacks jurisdiction over suits that are, in substance appeals from state-court judgments.  In addition, Plaintiffs claims are barred by the doctrine of *res judicata* and their Equal Protection claim lacks merit.    In addition, the Plaintiffs appeared to have failed to comply with the Court's Scheduling Order in that they have did not serve the defendants with the Amended Complaint on or before November 19, 2007.

## STATEMENT OF FACTS

**A.    Facts and Prior Proceedings**

By deed dated October 8, 1982 Frank D'Amico transferred all his right, title and interest in property known as 4164 Wickham Avenue, Bronx, New York (the "Property") to Mary Keys, Essie Mae Keys and Winston Mason.  Also on October 8, 1982, Mary Keys, Essie Mae Keys, and Winston Mason gave a mortgage to in the principal amount of $48,000.00 to Intercounty Mortgage Corp (the "Mortgage").

By deed dated March 27, 1983, Winston Mason transferred all of his right, title and interest in the Property to Mary Keys and Essie Mae Keys.

The Mortgage was later assigned by Intercounty Mortgage Corp to New York Guardian Mortgage Corporation, which assigned the Mortgage to ITT Residential Capital Corporation, which assigned the Mortgage to Leader Federal Bank for Savings.   Union Planters Bank, N.A. f/k/a Union Planters National Bank, Successor by merger to Leader Federal Bank for Savings assigned the Mortgage to Countrywide Home Loans, Inc. by assignment of mortgage dated July 6, 2001 which was recorded on April 30, 2002.

On May 2, 2000, Union Planters Bank, N.A. ("Union Planters") commenced an action to foreclose its Mortgage in Supreme Court, Bronx County, bearing Index No.: 15633/2000 entitled Union Planters Bank, N.A. v. Debrah Keys, Winston Mason, Mary Keys, Arthur Keys, Jiles Keys, Mary Keys, if living and if they be dead, and any person who are spouses, widows, grantees, mortgagees, lienors, heirs, devisees, distributees or successors in interest of such of the them as may be dead, all of whom and whose names and places of residence are unknown to Plaintiff, any unknown heirs of the Estate of Essie Keys, if living and, if they be dead any an all persons who are

spouse, widows, grantees, mortgagees, lienors, heirs, devisees, distributees or successors in interest of such of the them as may be dead, all of whom and whose names and places of residence are unknown to Plaintiff,, City of New York Transit Authority, City of New York Department Transportation PVB, City of New York Environmental Control Board, Criminal Court Bronx County, Sate of New York (hereinafter "State Court Foreclosure Action").    During the pendency of the State Foreclosure Action, Country Home Loans, Inc. was substitute as plaintiff in place and stead of Union Planters Bank, N.A. in accordance with the assignment of mortgage dated July 6, 2001.

Plaintiff Debrah Keys was served in the State Court Foreclosure Action on May 2, 2000. **Exhibit A**.  The Estate of Essie Keys was served via an order of publication. **Exhibit B**.    After mesne proceedings, Debrah Keys moved by order to show cause dated July 3, 2001 to dismiss the complaint with prejudice.  **Exhibit C**.  The state court was denied the July 3, 2001 Order to Show Cause with leave to renew.  By order to show cause dated August 29, 2001 Debrah Key moved again to dismiss the complaint with prejudice.  **Exhibit D**.  The court's records in the State Court Foreclosure Action indicate that the August 29, 2001 Order to Show Cause was later withdrawn. Debrah Keys thereafter moved by motion on November 16, 2001.  In response, the court by letter dated November 29, 2001 directed counsel for the foreclosing mortgage to submit certain documentation.  **Exhibit E**.  By notice of motion dated December 31, 2001, Debrah Keys moved to dismiss the complaint with prejudice.  **Exhibit F**.    By Order of Justice Saks dated June 4, 2002, Debrah Keys motion was denied. **Exhibit G**.  Keys noticed an appeal of the June 2, 2002 Order of Justice Saks.  **Exhibit H.**    In the interim, Debrah Keys retained counsel as evidenced by two letters date September 26, 2002 and October 28, 2002 from Uncyk, Borenkind & Nadler, L.L.P.  **Exhibit I.**    The appeal was dismissed by the Supreme Court Appellate Division First Department on

December 24, 2002.   A judgment of foreclosure and sale was entered on February 6, 2003.  **Exhibit J.**

On September 30, 2003, Debrah Keys moved by Order to Show Cause for a stay of the foreclosure sale of the property.  **Exhibit K.**  According to the notation on the Order to Show Cause (See **Exhibit K**), Justice Saks recused himself from the case stating "I respectfully refer this application back to Motion Support for reassignment to another Justice and reassignment of the action as well.  I am recusing myself because the Clerk advised me that the applicant told him that she had filed a complaint against me with the N.Y.S. Commission on Judicial Conduct.  A.J.S, JSC."   The matter was reassigned to Justice Betty Owen who denied the Order to Show Cause by order dated October 31, 2003.  **Exhibit L.**   Debrah Keys noticed an appeal of the October 31, 2003 order by Notice of Appeal dated November 25, 2003.  **Exhibit M**.

On August 30, 2004, Debrah Keys, individually and as preliminary executor of the Estate of Essie Mae Keys, moved again by Order to Show Cause for an order vacating the judgment of foreclosure and sale on the grounds that court lack jurisdiction over the Estate of Essie Mae Keys alleging that service was never made upon it.  **Exhibit N.**   By Decision and Order of the Court dated December 10, 2004, Justice Owen denied the Order to Show Cause on "grounds of res judicata as said issue was addressed and decided in the decision of Justice Alan J. Saks on June 4, 2002 and entered on June 6, 2002.  Movant's appeal of that decision and Order was dismissed by the Appellate Division First Department on December 24, 2002."  Justice Owens went on to state, "This is the third time this court is aware of that grounds raised herein have been before this court and decided. The only reason to do this again, it seems to the court, is to create a new window for an appeal."  **Exhibit O.**

Indeed, Justice Owen proved prophetic when Debrah Keys in her individual and representative capacity appealed Justice Owen's December 15, 2004 Order by Notice of Appeal dated January 10, 2005. **Exhibit P.** The Appellate Division, First Department by Decision and Order entered March 7, 2006 denied the appeal. **Exhibit Q.** Keys then moved the Court of Appeals for leave to appeal, which was denied by Decision datd June 8, 2006. **Exhibit R**.

On October 19, 2006, the duly appointed referee, defendant David Lesch, Esq., pursuant to the Judgment of Foreclosure and Sale entered on August 1, 2003, sold the Property at Public Auction to Churchill Homes, LLC. **Exhibit S.** Churchill Homes, LLC later transferred the Property to its sister entity Better Homes Depot, Inc. To finance its purchase of the Property, Better Homes Depot, Inc. obtain a loan from and gave a mortgage to defendant New York Community Bank. Fidelity through its agent, defendant C&G, issued fee title and loan policies in favor of Better Homes Depot, Inc. and New York Community Bank, respectively. **Exhibit T**.

Now, nearly eight (8) months later and over year since their last state court appeal was denied, Debrah Keys in her individual and representative capacities, has filed the instant action in federal court.

**B.    Plaintiffs' Allegations**

As best can be determined, Plaintiffs allege in their Amended Complaint ("Amend. Compl.") alleges that the defendants violated their Constitutional Rights. Specifically, the Plaintiffs allege that their rights to equal protection and due process have been violated. (Amend. Compl. ¶'s 18, 67, et al.) Plaintiffs also make unsubstantiated bald allegations that the defendants have violated usury laws and Federal Bank Law USC sec. 24(7). (Amend. Compl. ¶ 72.) Plaintiffs seek in their First Claim For Relief to set aside the transfer of the property and to revest title in the

name of the Plaintiffs. (Compl. ¶¶'s 74-78.)    In Plaintiffs Second Claim For Relief they seek an

injunction to stay defendant Better Homes Depot, Inc.'s action in state civil court to evict plaintiff

Debrah Keys (Compl. ¶¶'s 79-82.)

## ARGUMENT

### THE COMPLAINT MUST BE DISMISSED WITH PREJUDICE

I.    FAILURE TO COMPLY WITH THE COURT'S SCHEDULING ORDER

Plaintiffs have failed to comply with the Scheduling Order of the Hon. Richard J. Howell

dated October 29, 2007 in that they failed to serve the defendants with the complaint by November

19, 2007. **Exhibit U.**  In support of the Defendants motion to dismiss is the affidavit of Claudia F.

Spataro, President of defendant C&G Land Abstract, LLC, sworn to December 3, 2007, which

states to the best of her knowledge, C&G Land Abstract, LLC has not been served with a copy of

the complaint.

II.    FRCP 12(b)(6) - LEGAL STANDARD

Pursuant to FRCP 12(b)(6), Plaintiffs Complaint must be dismissed as a matter of law if it

fails to state a claim upon which relief can be granted.   In evaluating a motion to dismiss for failure

to state a claim, the Court should construe the complaint in the light most favorable to the plaintiff.

*Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037 (6th Cir. 1991).    The Court, should, of course,

accept as true all factual allegations contained in the complaint and determine whether the plaintiff

can prove a set of facts in support of her claims that would entitle her to relief.  *In re: DeLorean*

*Motor Co.*, 991 F. 2d 1236 (6th Cir. 1993).    The Court should <u>not</u> accept as true unwarranted

factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Similarly, the Court should not accept as true any legal conclusions unsupported by well-pleaded facts. *Teagardner v. Republic-Franklin, Inc. Pension Plan*, 909 F. 2d 947, 950 (6th Cir. 1990).

III.    PLAINTIFFS CLAIMS ARE BARRED BY THE ROOKER-FELDMAN DOCTRINE

This Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. This doctrine applies when four criteria are met: "(1) the plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state court judgment; (3) the plaintiff asks for review and rejection of the state court judgment; and (4) the state court judgment was rendered before the federal court proceeding was filed. See, *Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005)*; *Garvin v. Bank of New York*, 227 Fed. Appx. 7; 8; 2007 U.S. App. LEXIS 7348, *3 (US Ct. of App. 2007).

*Garvin*, *supra*, too involved a state court foreclosure action and is exactly on point with the instant action.    In *Garvin*, the Court found that the four criteria were met. "All four of these requirements are satisfied here: (1) Garvin lost in state court; (2) Garvin's complaint claims injuries caused by the state court judgment - specifically, she alleged that the state court violated her rights when it vacated the default judgment against the defendants and reinstated the foreclosure judgment against her; (3) Garvin requests the state court's decision "be overruled and reversed"; and (4) the state court judgment was entered before Garvin filed her complaint in federal court. Thus, because Garvin's complaint sought to overturn the judgment of the state court, the District Court found that it lacked subject matter jurisdiction over her action under the *Rooker-Feldman* doctrine. The fact that Garvin alleged a violation of her constitutional rights did not change this result. *See, D.C. Court of Appeals v. Feldman*, 460 U.S. 462; 103 S. Ct. 1303; 75 L. Ed. 2d 206; 1983 U.S. LEXIS

150; 51 U.S.L.W. 4285 (1982) *at 486* (holding that federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). As Justice Knipel instructed Garvin, if she wished to challenge his decision, she could have filed an appeal with the New York Appellate Division. *Garvin, supra*, at 8, **3-**4.

Here, the Plaintiffs too meet the criteria for imposing the Rooker-Feldman doctrine. They have: 1) lost in state court; 2) complain of injuries caused by a state court judgment; 3) ask for review and rejection of the state court judgment; and 4) the state court judgment was rendered before the federal court proceeding was filed. In addition, unlike the plaintiff in *Garvin*, the Plaintiffs in the instant action noticed three (3) appeals of the state court decisions to the state court appellate division. (See, **Exhibits H, M and P**.) Now, nearly a year after their last state court appeal was denied, Plaintiffs seek redress in federal court.

Likewise in the instant case, the Plaintiffs vague allegations of violation of constitutional right to equal protection and due process have been violated and unsubstantiated allegations that the defendants have violated usury laws and Federal Bank Law does not change the result that this Court too lacks jurisdiction under the *Rooker-Feldman* doctrine.


IV.    IN THE ALTERNATIVE, PLAINTIFFS' ARE BARRED BY RES JUDICATA OR
       CASE LAW DOCTRINE

In the alternative, if the Plaintiffs claims are not barred by the Rooker-Feldman doctrine, they are barred by the doctrine of *res judicata*. The doctrine of *res judicata* provides that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that

were or could have been raised that action.  *Drew v. Chase Manhattan Bank, N.A*. 1998 U.S. Dist.

LEXIS 11616 (SDNY 1998)

> The court in Drew went on to state:
>
> "The doctrine of res judicata provides that "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398, 69 L. Ed. 2d 103, 101 S. Ct. 2424 (1981)*; see [*18] *Maharaj v. BankAmerica Corp., 128 F.3d 94, 97 (2d Cir. 1997)*. "The [doctrine] is based on the principle that justice and fairness preclude [a party] from again litigating [the] same issue. . . . The rule is also linked to the full faith and credit policy, which counsels that . . . federal courts must give state court judgments the same preclusive effect they enjoy under the law of the state in which the judgment was rendered." *Garver v. Brown & Co. Securities Corp., 1998 U.S. Dist. LEXIS 1454, *8-9, No. 96 Civ. 2507, 1998 WL 54608, at *3 (S.D.N.Y. Feb. 10, 1998)* (internal citations and quotations omitted); see *28 U.S.C. § 1738; Allen V. McCurry, 449 U.S. 90, 95-96, 66 L. Ed. 2d 308, 101 S. Ct. 411 (1980)*; *Ferris v. Cuevas, 118 F.3d 122, 125-26 (2d Cir. 1997)*." *Drew*, *supra*, at *17.

The relevant state court judgment in the instant matter is the foreclosure judgment entered

on August 1, 2003 by the New York State Supreme Court, Bronx County.    Accordingly, New

York's *res judicata* rules must be used in determining whether the plaintiff's claims are precluded.

*Drew*, *supra*, at *17.

In New York, "a judgment of foreclosure and sale entered against a defendant is final as to

all questions at issue between the parties and concludes all matters of defense which were or might

have been litigated in the foreclosure action" *Magleo Construction Corp. v. Oehlrivh*, 292 A.D. 2d

429; 738 N.Y.S.2d 897; 2002 N.Y.App. Div. LEXIS 2510 (App. Div. 2nd Dept. 2002) citing *Long

Is. Sav. Bank v Mihalios, 269 AD2d 502, 50*.  See also, *Drew*, *supra*, at *19 and *Beube v English,

206 AD2d 339; Valdez v Garcia, 151 AD2d 471*.

15

Like the plaintiff in *Drew*, it can be said that the Plaintiffs here have already raised before the state court all of the arguments that they are currently attempting to raise in this action. The Plaintiffs raised there claims about Due Process by challenging service of process in the state court action as well usury claims or banking law violations in its challenges to the payments due. (See, **Exhibits C, D, F, K & N**). Regardless, the issues could have been litigated in the state court action. Thus, the judgment of foreclosure and sale entered on February 6, 2003 is final as to all issues that the Plaintiffs did or could have raised.

## V.    PLAINTIFFS' EQUAL PROTECTION CLAIM FAILS ON ITS MERITS

Plaintiffs alleged violation of the Equal Protection Clause of the United States Constitution fails on its merits. To set forth a prima facie case under 42. U.S.C. § 1983, Plainitffs must show that a person acting under color of state law deprived them of rights, priviledges or immunities secured by the Constitution or laws of the United States. *Yoel v. Gandolf*, 2007 U.S. Dist. LEXIS 17964, *14 (Disc. Ct., N. Ohio, 2007). To be considered a "state actor" under § 1983, a defendant must general be a state or local government entity. A private party will only be found to have acted under color of state law only if they acted with or obtain significant aid from state officials. *Yoel*, id. at *14. See, also *Rowe v. Bank One*, 2000 U.S. App. LEXIS 24062 (Ct. of App. 6th Cir., 2000).

Here, none of the defendants are in the instant action are "state actors" or acted under color of a "statute, ordinance, regulation, custom or usage." *42 U.S.C. § 1983*. See <u>*Flagg Bros. Inc.*</u> <u>*v. Brooks*</u>, *436 U.S. 149, 155-57, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978)*; <u>*Adickes v. S.H. Kress &*</u> <u>*Co.*</u>, *398 U.S. 144, 152, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970)*. Further, the Supeme Court of the Untied States has held, "the under-color-of-state-law element of *§ 1983* excludes from its reach

16

merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999)*.  Since none of the defendants in the instant action are state actors or acted under the color of state law, Plaintiffs' Complaint fails to state a claim on which relief may be granted for violation of the Equal Protection Clause. Moreover, Plaintiffs have failed to plead any facts which support such a claim under 42. U.S.C. § 1983

## CONCLUSION

Plaintiffs Complaint fails to state a claim upon which relief may be granted.  Review of of this state court judgment by the federal district court is improper under the Rooker-Feldman doctrine.   In addition and in the alternative, Plaintiffs claims are barred by the common law doctrine of *res judicata* and there is no merit to their equal protection claim.   As a result, defendants motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should be granted in its entirety and the matter be dismissed with prejudice.

Dated:     New York, New York
           December 3, 2007

                                        Respectfully submitted,

                                        Thomas P. Malone (TM8717)
                                        Attorney for Attorney for Fidelity National
                                        Title Insurance Company, Fidelity National
                                        Title Group, Inc., Fidelity National Financial,
                                        Inc., Churchill Homes, LLC, Better Homes
                                        Depot, Inc. New York Community Bank, and
                                        C&G Land Abstract, LLC

                                        350 Fifth Avenue, Suite 5016
                                        New York, New York 10118
                                        (212) 594-8515 ext. 205

THOMAS P. MALONE, ESQ.
Attorney for Defendants
350 Fifth Avenue, Suite 5016
New York, New York 10118
(212) 594-8515 ext. 205
Thomas P. Malone (TM8717)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ESTATE OF ESSIE MAE KEYS, DEBRAH KEYS,
individually and legal representative of estate,                          Case No.: 07-CV- 6561

                                    Plaintiffs,                          AFFIDAVIT

          -against-

UNION PLANTERS BANK, N.A. now REGIONS BANK
a subsidiary of REGIONS FINANCIAL CORPORATION,
REGIONS FINANCIAL CORPORATION,
COUNTRYWIDE HOME LOANS, INC. DBA
AMERICA'S WHOLESALE LENDER a subsidiary of
COUNTRYWIDE FINANCIAL CORPORATION,
COUNTRYWIDE FINANCIAL CORPORATION,
DAVID LESCH, ESQ., CHURCHILL HOMES, LLC,
BETTER HOMES DEPOT INC., BETTER HOMES
DEPOT OF THE BRONX INC., VENETIAN HOMES,
INC., ERLAN HOLDING CORP., NEW YORK
COMMUNITY BANK, NEW YORK COMMUNITY
BANCORP INC., C & G LAND ABSTRACT, LLC
FIDELITY NATIONAL TITLE INS. CO. a/k/a FIDELITY
NATIONAL TITLE GROUP, FIDELITY NATIONAL
FINANCIAL, INC.,
Jointly and Severally,

                                    Defendants.

------------------------------------------------------------------X

STATE OF NEW YORK       )
COUNTY OF NEW YORK ) ss.:


          _____Claudia F. Spataro_____, being duly sworn, deposes and says:

1

1.     I am a(n) _____President_____ of C&G Land Abstract, LLC ("C&G"). As such, I have access to and familiarity with the files maintained by C&G and am authorized to make this affidavit.

2.     I make this affidavit upon personal knowledge and upon information and belief.

3.     Further, I make this affidavit in support of the instant motion to dismiss Plaintiffs' Amended Complaint with prejudice for failing to comply with the Court's Scheduling Order of October 29, 2007 and pursuant to Rule 12(b)(6) of the Federal Rules of Civil for failure to state a claim upon which relief can be granted.

4.     As of the date of this Affidavit, Defendant C&G has not been served with Plaintiffs' Amended Complaint.

5.     I have reviewed the annexed printout from the New York State Department of State's website with respect to C&G Land Abstract, LLC and note that they have the correct mailing address for C&G Land Abstract, LLC.

5.     The Scheduling Order of the Hon. Richard B. Howell dated October 29, 2007 provides that the Plaintiffs must serve their complaint upon the defendants by November 16, 2007 or their action would be dismissed.

6.     As Plaintiffs have failed to effectuate service as required under Scheduling Order, their Amended Complaint must be dismissed.

7.     In the alternative, if the Court should find that Plaintiffs properly served their Amended Complaint, then pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiffs'

2

Amended Complaint must be dismissed, as a matter of law, because it fails to state a claim upon which relief can be granted.

8.    I have read the Memorandum of Law in Support of the Motion to Dismiss Plaintiffs' Amended Complaint submitted by C&G's Counsel, Thomas P. Malone, dated December 3, 2007 ("Malone Memorandum of Law") and it is factually accurate to the best of my knowledge and recollection, and to the extent it states facts, for the sake of judicial economy, I hereby incorporate the same herein by reference.

6.    I agree with the contentions in the Malone Memorandum of Law in support of the Motion to Dismiss Plaintiffs' Amended Complaint, namely: 1) the Court lacks subject matter jurisdiction over the claims asserted by the Plaintiffs pursuant to the *Rooker-Feldman* doctrine, which provides that federal district courts lack jurisdiction over suits that are, in substance, appeals from state court judgments; 2) Plaintiffs' Complaint is barred by the doctrine of *res judicata*; and 3) there is no merit to Plaintiffs' equal protection claims.

WHEREFORE, for the reason set forth above, C&G respectfully requests that Plaintiffs' Amended Complaint be dismissed in its entirety with prejudice.

Dated:  December 3, 2007

Sworn to before me this 3rd day
of December 3, 2007

Notary Public

RAYMOND FISCHER
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01FI5086036
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES OCT. 14, 2016

3

# NYS Department of State

## Division of Corporations

### Entity Information

Selected Entity Name: C & G LAND ABSTRACT, LLC

Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | C & G LAND ABSTRACT, LLC |
| **Initial DOS Filing Date:** | APRIL 13, 2000 |
| **County:** | SUFFOLK |
| **Jurisdiction:** | NEW YORK |
| **Entity Type:** | DOMESTIC LIMITED LIABILITY COMPANY |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**

C & G LAND ABSTRACT, LLC
21 WALT WHITMAN ROAD
HUNTINGTON STATION, NEW YORK, 11746

**Registered Agent**

NONE

NOTE: New York State does not issue organizational identification numbers.

Search Results            New Search

Division of Corporations, State Records and UCC Home Page    NYS Department of State Home Page

THOMAS P. MALONE, ESQ.
Attorney for Chicago Title Insurance Company
350 Fifth Avenue, Suite 5016
New York, New York 10118
(212) 594-8515 ext. 205
Thomas P. Malone (TM8717)


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ESTATE OF ESSIE MAE KEYS, DEBRAH KEYS,
individually and legal representative of estate,                  Case No.:  07-CV-6561

                                        Plaintiffs,                <u>AFFIDAVIT</u>

             -against-

UNION PLANTERS BANK, N.A. now REGIONS BANK
a subsidiary of REGIONS FINANCIAL CORPORATION,
REGIONS FINANCIAL CORPORATION,
COUNTRYWIDE HOME LOANS, INC. DBA
AMERICA'S WHOLESALE LENDER a subsidiary of
COUNTRYWIDE FINANCIAL CORPORATION,
COUNTRYWIDE FINANCIAL CORPORATION,
DAVID LESCH, ESQ., CHURCHILL HOMES, LLC,
BETTER HOMES DEPOT INC., BETTER HOMES
DEPOT OF THE BRONX INC., VENETIAN HOMES,
INC., ERLAN HOLDING CORP., NEW YORK
COMMUNITY BANK, NEW YORK COMMUNITY
BANCORP INC., C & G LAND ABSTRACT, LLC
FIDELITY NATIONAL TITLE INS. CO. a/k/a FIDELITY
NATIONAL TITLE GROUP, FIDELITY NATIONAL
FINANCIAL, INC.,
Jointly and Severally,

                                        Defendants.

------------------------------------------------------------------X


STATE OF NEW YORK     )
COUNTY OF NEW YORK ) ss.:


        Carrie Shay, being duly sworn, deposes and says:

1

1.    I am an Assistant Vice President of Fidelity National Title Insurance Company. As such, I have access to and familiarity with the files maintained by Fidelity.

2.    Fidelity National Title Insurance Company is a subsidiary of its parent companies Fidelity National Financial, Inc. and Fidelity National Title Group, Inc.

3.    I make this affidavit upon personal knowledge and upon information and belief, the source of my information and the grounds for my belief being principally said files.

4.    Further, I make this affidavit in support of defendants Fidelity National Title Insurance Company's, Fidelity National Financial, Inc.'s and Fidelity National Title Group, Inc.'s (collectively "Fidelity") motion pursuant Rule 12 (b)(6) of Federal Rules of Civil Procedure to dismiss the Amended Complaint filed by Plaintiffs with prejudice.

5.    I have read the Memorandum of Law of the Fidelity's counsel Thomas P. Malone dated December 3, 2007 ("Malone Memorandum of Law"), and it is factually accurate to the best of my knowledge and recollection, and to the extent it states facts, for the sake of judicial economy, I hereby incorporate the same herein by reference.

6.    I agree with the contentions in the Malone Memorandum of Law in support of the Motion to Dismiss Plaintiffs' Amended Complaint, namely: 1) the Court lacks subject matter jurisdiction over the claims asserted by the Plaintiffs pursuant to the *Rooker-Feldman* doctrine, which provides that federal district courts lack jurisdiction over suits that are, in substance, appeals from state court judgments; 2) Plaintiffs' Complaint is barred by the doctrine of *res judicata*; and 3) there is no merit to Plaintiffs' equal protection claims.

WHEREFORE, for the reasons set forth above, the Fidelity respectfully requests that Plaintiffs' Amended Complaint be dismissed in its entirety with prejudice.

Dated:  December 4, 2007

_____
Carrie Shay
Assistant Vice President
Fidelity National Title Insurance Company

Sworn to before me this 4th day
of December, 2007

_____
Notary Public

Farhad Rahman
Notary Public, State of New York
No. 01RA5054838
Qualified in Bronx County
Commission Expires January 20 2010

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ESTATE OF ESSIE MAE KEYS, DEBRAH KEYS,
individually and legal representative of estate,                          Case No.:  07-CV-6561

                             Plaintiffs,                    **AFFIDAVIT OF SERVICE**

        -against-

UNION PLANTERS BANK, N.A. now REGIONS BANK
a subsidiary of REGIONS FINANCIAL CORPORATION,
REGIONS FINANCIAL CORPORATION,
COUNTRYWIDE HOME LOANS, INC. DBA
AMERICA'S WHOLESALE LENDER a subsidiary of
COUNTRYWIDE FINANCIAL CORPORATION,
COUNTRYWIDE FINANCIAL CORPORATION,
DAVID LESCH, ESQ., CHURCHILL HOMES, LLC,
BETTER HOMES DEPOT INC., BETTER HOMES DEPOT
OF THE BRONX INC., VENETIAN HOMES, INC.,
ERLAN HOLDING CORP., NEW YORK COMMUNITY
BANK, NEW YORK COMMUNITY BANCORP INC.,
C & G LAND ABSTRACT, LLC FIDELITY NATIONAL
TITLE INS. CO. a/k/a FIDELITY NATIONAL TITLE
GROUP, FIDELITY NATIONAL FINANCIAL, INC.,
Jointly and Severally,

                            Defendants.
-------------------------------------------------------------------X

STATE OF NEW YORK,
                  SS.:
COUNTY OF NEW YORK

      I, Rosa Tricarico, being sworn, say: I am not a party to the action. I am over 18 years of age and residing in Kings County.

      On the 5th day of December 2007, I served the within NOTICE OF MOTION on:

Debrah Keys                                          Regions Bank, N.A.
4164 Wickham Avenue                       417 North 20th Street
Bronx, New York 10466                      Birmingham, Alabama 35203

Regions Financial Corporation          Countrywide Home Loans, Inc.
417 North 20th Street                           DBA America's Wholesale Lender
Birmingham, Alabama 35203              4500 Park Granada Blvd., CH-11
                                   Calabasas, California 91302

Countrywide Financial Corporation
4500 Park Granada Blvd., CH-11
Calabasas, California 91302

David Lesch, Esq.
860 Grand Concourse
Bronx, New York  10466

Venetian Homes Inc.
One Old Country Road
Carle Place, New York 11514

Erlan Holding Corp.
One Old Country Road
Carle Place, New York 11514

Erlan Holding Corp.
467 North Avenue
New Rochelle, New York 10801

by depositing a true copy thereof enclosed in a post-paid wrapper,  in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to them at their last known address set forth after their name

_Rosa Tricarico_
_____
Rosa Tricarico

Sworn to before me on the
5th day of December, 2007

_Joyce A. Saunders_
_____
Notary Public

Joyce A. Saunders
Notary Public, State of New York
No 31-4787170
Qualified in New York County
Commission Expires March 30 20__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    Index No.: 07 Civ. 6561 (RJH)

ESTATE OF ESSIE MAE KEYS, DEBRAH KEYS,
individually and legal representative of estate,

       Plaintiffs,

   -against-

UNION PLANTERS BANK, N.A. now REGIONS BANK
a subsidiary of REGIONS FINANCIAL CORPORATION,
REGIONS FINANCIAL CORPORATION,
COUNTRYWIDE HOME LOANS, INC. DBA
AMERICA'S WHOLESALE LENDER a subsidiary of
COUNTRYWIDE FINANCIAL CORPORATION,
COUNTRYWIDE FINANCIAL CORPORATION,
DAVID LESCH, ESQ., CHURCHILL HOMES, LLC,
BETTER HOMES DEPOT INC., BETTER HOMES DEPOT
OF THE BRONX INC., VENETIAN HOMES, INC.,
ERLAN HOLDING CORP., NEW YORK COMMUNITY BANK,
NEW YORK COMMUNITY BANCORP INC.,
C & G LAND ABSTRACT, LLC FIDELITY NATIONAL
TITLE INS. CO. a/k/a FIDELITY NATIONAL TITLE GROUP,
FIDELITY NATIONAL FINANCIAL, INC., Jointly and Severally,

       Defendants.

---

**NOTICE OF MOTION**

---

**THOMAS P. MALONE\***

Attorney for Plaintiffs
350 Fifth Avenue, Suite 5016
New York, New York 10118
(646) 708-8085
Fax: (212) 594-8378
My File No:  L34414/255698

\* A Law Division of Fidelity National Title Group, Inc.