EXHIBIT "A"

Union Planters Bank, N.A.

Plaintiff(s)/Petitioner(s)

vs

Deborah Keys, et. al.,

Defendant(s)/Respondent(s)

**AFFIDAVIT OF SERVICE**

INDEX #: 15633/00

FILED ON: May 2, 2000

00 JUN -9 AM 10: 29
COUNTY CLERK
BRONX COUNT...

County of **Suffolk**, State of **New York**    I, **Christopher F. Gentile** being duly sworn deposes and says;
Deponent is not a party herein, is over 18 years of age and resides **In the State of New York**
On **5/27/00** at **7:00 pm**
at **4164 Wickham Avenue, Bronx, NY 10469**
deponent served the within **Summons & Notice, Mortgage Foreclosure Complaint**
bearing Index # **15633/00** and filed on **May 2, 2000**
ON: **Deborah Keys**

**INDIVIDUAL** [ ] by delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

**CORPORATION** [ ] A _____, by delivering thereat a true copy of each to _____ personally, deponent knew said _____ so served to be the _____ described as the named defendant and knew said individual to be the authorized agent thereof.

**SUITABLE AGE PERSON** [ ] by delivering a true copy of each to _____ a person of suitable age and discretion. Said premises is recipient's [ ]actual place of business [ ]dwelling house (usual place of abode) within the state. I asked the person spoken to whether the defendant actually resides/is employed at these premises and received an affirmative reply.

**AFFIXING TO DOOR** [x] by affixing a true copy of each to the door of said premises, which is recipient's [ ] actual place of business [X] dwelling house (usual place of abode) within the state. Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat
Day **Friday** Date **5/12/00** Time **5:30 pm** Day **Wednesday** Date **5/17/00** Time **2:45 pm**
Day **Saturday** Date **5/20/00** Time **10:35 am** Day **Thursday** Date **5/25/00** Time **7:20 pm**
Verification: Neighbor and postal verification.

**MAILING COPY** [x] Deponent caused a copy of same to be enclosed in postpaid sealed wrapper properly addressed to recipient at the recipient's last known [x]residence [ ] place of employment at: **4164 Wickham Ave, Bronx, NY 10469** and caused said wrapper to be deposited in a post office official depository under exclusive care and custody of the U. S. Postal Service within the State of **New York** on **6/5/00** .
[ ]The mailing was made by certified mail (Receipt No._____)
[ ] and with return receipt requested, and/ x or First Class Mail, marked personal and confidential.

**DESCRIPTION** [ ] A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
Sex_____ Race/skin_____ Color of hair_____ Approx. Age_____ Approx. Height_____
Approx. weight_____ Other_____

**WITNESS FEES** [ ] $_____ the authorizing traveling expenses and one day's witness fee was paid (tendered) to the recipient.

**PHOTO** [ ] Deponent was able to identify recipient from annexed photo.

**MILITARY SERVICE** [x] Deponent asked person spoken to whether the recipient was presently in military service of the United States Government or on active duty in the military service in the State of **New York** and was informed he/she was not.

Sworn to before me on this
**5** day of **June**, **2000**

_Kathia Bitonti_
Notary Public, _____ County, New York

My Commission Expires ___/___/___
Kathia Bitonti
Notary Public, State of New York
No. 01OC5037038
Qualified in Nassau County
Commission Expires Dec. 12, 2000

_Christopher F. Gentile_ (signature)
Christopher F. Gentile

1028062
Process Server's Lic #

Client Reference #: 34694-99
cf
**Nationwide Court Services, Inc.**
3340 Veterans Memorial Highway
Bohemia, New York 11716
516-981-4400

Invoice•Work Order #9635999

EXHIBIT "B"

At an IAS Part 10 of the Supreme Court of the State of New York, held in and for the County of Bronx at the County Courthouse in Bronx, New York on the 20 day of MARCH, 2001.

Present: Hon. Alan J. Saks, J.S.C.

---

Union Planters Bank, N.A.,

                    Plaintiff,

- against -

Deborah Keys; Winston Mason; Al Keys, Jr.; Arthur Keys; Jiles Keys; Mary Keys if living, and if they be dead, any and all persons who are spouses, widows, grantees, mortgagees, lienors, heirs, devisees, distributees or successors in interest of such of them as may be dead, all of whom and whose names and places of residence are unknown to Plaintiff; Any Unknown heirs of the Estate of Essie Keys, if living, and if they be dead, any and all persons who are spouses, widows, grantees, mortgagees, lienors, heirs, devisees, distributees or successors in interest of such of them as may be dead, all of whom and whose names and places of residence are unknown to Plaintiff; City of New York Transit Authority, Transit Adjudication Bureau; City of New York Department of Transportation Parking Violations Bureau; City of New York Environmental Control Board; Criminal Court Bronx County; State of New York, and "John Doe #1" through "John Doe #10", the last 10 names being fictitious and unknown to the Plaintiff, the person or parties intended being the persons or parties, if any, having or claiming an interest in or lien upon the mortgaged premises described in the complaint,

                    Defendant(s).

Index No. 00/15633

**ORDER FOR SERVICE BY PUBLICATION AND FILING EXTENSION**

FILED
MAR 2 6 2001
BRONX COUNTY CLERK'S OFFICE

---

Upon the Summons, Complaint and Notice of Pendency of Action, heretofore filed herein in the Office of the Clerk of the County of Bronx, on November 19, 1999, and upon the

annexed proposed Supplemental Summons and Amended Complaint, from all of which it appears that the Complaint herein demands judgment in favor of Plaintiff against Defendant, Mary Keys; Al Keys Jr., and Any unknown heirs to the Estate of Essie Keys to foreclose a mortgage against specific real property within this County and the State of New York, and it appearing that there is a sufficient cause of action stated therein against the Defendants, Mary Keys; Al Keys Jr., and Any unknown heirs to the Estate of Essie Keys, who are a necessary party defendants herein; and upon the annexed affirmation of John A. DiCaro, Esq. dated February 14, 2001 and upon the affidavits of Cheryl Fratello and Genine D'Agostino dated July 26, 2000, January 22, 2001 and February 14, 2001, from which it appears that Mary Keys; Al Keys Jr., and Any unknown heirs to the Estate of Essie Keys cannot be served personally within the State of New York, and Plaintiff having thereby made proof to the Court's satisfaction that the location of said defendants or their personal representatives can not, with due diligence, be ascertained and that the Plaintiff has been and will be unable, in the exercise of such due diligence, to make personal service of the Summons herein or by any other prescribed method on said defendants within the State;

Now, on motion of Shapiro & DiCaro, LLP, attorneys for the Plaintiff, it is hereby

ORDERED, that the plaintiff be and hereby is granted leave to issue, file and serve, where required, the annexed Supplemental Summons and Amended Complaint, and that the title of this action is hereby amended to conform with title as shown on said Supplemental Summons and Amended Complaint without prejudice to any of the proceedings heretofore had herein; and it is further

ORDERED, that service of the Supplemental Summons in this action upon Mary Keys; Al Keys Jr., and Any unknown heirs to the Estate of Essie Keys, if living, and if any be dead,

their respective heirs-at-law, distributees, executors, administrators, trustees, devisees, legatees, assignees, and generally all persons having or claiming under, by or through said defendants who may be deceased, by purchase, inheritance, lien or otherwise, to any right, title or interest in and to the premises described in the Complaint herein, be made by publication of said Supplemental Summons in two (2) newspapers, at least one in the English language, hereby designated as most likely to give notice to the said defendants, viz: in the __NEW YORK LAW JOURNAL__ published in __BRONX__ County, State of New York and in the __Riverdale Press__ _____ published in __BRONX__ County, State of New York, once a week for four successive weeks, together with a notice to the defendants, a brief statement of the nature of the action, the relief sought, and the sum of money for which judgment may be taken in case of default, and a brief description of the property; and it is further;

ORDERED, that the Supplemental Summons and Amended Complaint herein be delivered on behalf of the said defendant, who may be served herein by publication pursuant to this Order, to __FREDERIC POTACK, ESQ.__ _384 E. 149ST., BRONX, N.Y. 10455_, counselor-at-Law, who is hereby authorized, empowered and designated to appear herein as Guardian Ad Litem, and Military Attorney on behalf of any of the said defendants who may be absentees, infants or incompetents, or unknown successors in interest of defendants who may be deceased, or defendants who may be in military service, and to protect and defend interests of said defendants in the action upon filing his/her acknowledged consent and qualifying affidavit; and it is further

ORDERED, that said Guardian Ad Litem and Military Attorney shall also act for said defendants should they be in default or be in the military service of the United States of America, and is hereby authorized and appointed for the purpose of representing them and

*protecting their interest in this action* pursuant to the provisions of the Soldiers' and Sailors' Civil Relief Act and Military Law of 1940, as amended, and the Military Laws of the State of New York, and it is further

ORDERED, that the Supplemental Summons and Amended Complaint and the papers on which this order is based be filed on or before the first day of publication, and that the first publication be made within thirty days after the entry of this Order; and it is further

ORDERED, that the 120 day period for service and filing of affidavits of service pursuant to CPLR §306 is hereby extended ~~100~~ 120 days from the filing of this order.

ENTER:

~~Dated:~~

~~ENTER,~~

_____
Hon.

Attorney certification pursuant
to 22 NYCRR §130-1.1-a
is affixed to inside cover

CITY OF NEW YORK } ss
COUNTY OF BRONX

I, Teresa Lauria, being duly sworn, deposes and says that he is the Principal Clerk of THE RIVERDALE PRESS, a weekly newspaper printed and published in the County of Bronx; State of New York, every Thursday. Deponent further says that the notice of which the annexed is a copy has been regularly published in the said THE RIVERDALE PRESS, once a week for _four (4) weeks_ successive insertions in the issue(s) of _April 19, April 26, May 3, and May 10, 2001._

_Teresa Lauria_

Sworn to before me this _10th_ day of _May_ 2001

_Laurette McGinn_ Notary Public. _____ County.

LAURETTE McGINN
Notary Public, State of New York
No. 60-7831420
Qualified in Westchester County
Commission Expires March 30, 2002

(Seal)

---

**Legal Notice**
Index No. 15633/00
SUPPLEMENTAL
SUMMONS AND NOTICE
SUPREME COURT OF THE
STATE OF NEW YORK
COUNTY OF BRONX
Union Planters Bank, N.A., Plaintiff, -against- Al Keys, Jr.; Mary Keys, and Any Unknown heirs of the Estate of Essie Keys, if living and if they be dead, any and all persons who are spouses, widows, grantees, mortgagees, lienors, heirs, devisees, distributees or successors in interest of such of them as may be dead, all of whom and whose names and places of residence are unknown to Plaintiff; Defendants.
PROPERTY ADDRESS: 4164 Wickham Avenue, Bronx, NY 10469.
TO THE ABOVE NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the attorneys for the Plaintiff within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after completion of service where it is made in any other manner than personal delivery within the State. The United States of America if designated as a defendant in this action, may appear within sixty (60) days of service of hereof. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.
NOTICE OF NATURE OF ACTION AND RELIEF SOUGHT
THE OBJECT of the above captioned action is to foreclose a Mortgage to secure $48,000.00 and interest, recorded in the Bronx County Clerk's Office on October 28, 1982, in Reel 487 of Mortgages, Page 155 covering premises known as 4164 Wickham Avenue, Bronx NY 10469.
The relief sought in the within action is a final judgment directing the sale of the premises described above to satisfy the debt secured by the Mortgage described above.
Plaintiff designates Bronx County as the place of trial. Venue is based upon the County in which the mortgaged premises is situated
Dated: August 13, 2000. Shapiro Dicaro, LLP, Attorneys for Plaintiff, 700 Cornerstone Centre, 2300 Buffalo Road, Rochester, New York 14624, (716) 247-9000. Our file

99-34694R.
WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE
SCHEDULE "A"
LEGAL DESCRIPTION
All that certain lot, piece or parcel of land with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Bronx, City and State of New York, being more particularly bounded and described as follows:
BEGINNING at a point on the easterly side of Wickham Avenue distant 108.89 feet southerly from the corner formed from the intersection of the easterly side of Wickham Avenue with the southerly side of Bussing Avenue;
RUNNING THENCE easterly at right angles to Wickham Avenue, 95 feet;
THENCE southerly parallel with Wickham Avenue, 25 feet;
THENCE westerly again at right angles to Wickham Avenue, 95 feet to the easterly side of Wickman Avenue;
THENCE northerly along the easterly side of Wickham Avenue, 25 feet to the point or place of BEGINNING

RECEIVED 2001 JUN -1 PH 12:08 COUNTY CLERK BRONX

COUNTY OF BRONX — Index No. 15633/00 — SUPPLEMENTAL SUMMONS AND NOTICE — UNION PLANTERS BANK, N.A., Plaintiff, -against- AL KEYS, JR.; MARY KEYS, and Any Unknown heirs of the Estate of Essie Keys, if living, and if they be dead, any and all persons who are spouses, widows, grantees, mortgagees, lienors, heirs, devisees, distributees or successors in interest of such of them as may be dead, all of whom and whose names and places of residence are unknown to Plaintiff, Defendants.

PROPERTY ADDRESS: 4164 Wickham Avenue, Bronx, NY 10469.

TO THE ABOVE NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the attorneys for the Plaintiff within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after completion of service where it is made in any other manner than personal delivery within the State. The United States of America, if designated as a defendant in this action, may appear within sixty (60) days of service hereof. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

NOTICE OF NATURE OF ACTION AND RELIEF SOUGHT

THE OBJECT of the above captioned action is to foreclose a Mortgage to secure $48,000.00 and interest, recorded in the Bronx County Clerk's Office on October 28, 1982, in Reel 487 of Mortgages, Page 155 covering premises known as 4164 Wickham Avenue, Bronx, NY 10469.

SECTION "A"
LEGAL DESCRIPTION

ALL that certain lot, piece or parcel of land with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Bronx, City and State of New York, being more particularly bounded and described as follows:

BEGINNING at a point on the easterly side of Wickham Avenue, distant 108.89 feet southerly from the corner formed by the intersection of the easterly side of Wickham Avenue with the southerly side of Bussing Avenue;

RUNNING THENCE easterly at right angles to Wickham Avenue, 95 feet;

THENCE southerly parallel with Wickham Avenue, 25 feet;

THENCE westerly again at right angles to Wickham Avenue, 95 feet to the easterly side of Wickham Avenue;

THENCE northerly along the easterly side of Wickham Avenue, 25 feet to the point or place of BEGINNING.

The relief sought in the within action is a final judgment directing the sale of the premises described above to satisfy the debt secured by the Mortgage described above.

Plaintiff designates Bronx County as the place of trial. Venue is based upon the County in which the mortgaged premises is situated.

Dated: August 13, 2000.

Shapiro & DiCaro, LLP, Attorneys for Plaintiff, 700 Cornerstone Centre, 2300 Buffalo Road, Rochester, New York 14624 (716) 247-9000.

Our File No. 99-34694R.

WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

152413         a19-Th my10

---

F NEW YORK
of New York,    s:

Cynthia Byrd, being duly sworn, says that she is the PRINCIPAL CLERK of the Publisher of the **NEW YORK LAW JOURNAL**, a Daily Newspaper; that the Advertisement hereto annexed has been published in the said **NEW YORK LAW JOURNAL** in each week for 4 successive weeks, commencing on the 10th day of April, 2001.

*Cynthia Byrd*

TO WIT: APRIL 19, 26, 2001 MAY 3, 10, 2001

SWORN TO BEFORE ME, this 10th day }
Of May, 2001.

*Debra A. Cruz*

Debra A. Cruz
Notary Public, State of New York
No. 01CR6056944
Qualified in Bronx County
Commission Expires April 09, 2003

RECEIVED 2001 MAY 24 AM 11:54 COUNTY CLERK BRONX COUNTY


COUNTY OF BRONX

Index No. 00/15633

---

Union Planters Bank, N.A.,

              Plaintiff,

  - against -

Deborah Keys; Winston Mason; Al Keys, Jr.; Arthur Keys; Jiles Keys; Mary Keys if living, and if they be dead, any and all persons who are spouses, widows, grantees, mortgagees, lienors, heirs, devisees, distributees or successors in interest of such of them as may be dead, all of whom and whose names and places of residence are unknown to Plaintiff; Any Unknown heirs of the Estate of Essie Keys, if living, and if they be dead, any and all persons who are spouses, widows, grantees, mortgagees, lienors, heirs, devisees, distributees or successors in interest of such of them as may be dead, all of whom and whose names and places of residence are unknown to Plaintiff; City of New York Transit Authority, Transit Adjudication Bureau; City of New York Department of Transportation Parking Violations Bureau; City of New York Environmental Control Board; Criminal Court Bronx County; State of New York, and "JOHN DOE #1" through "JOHN DOE #10", the last ten names being fictitious and unknown to the Plaintiff, the person or parties intended being the persons or parties, if any, having or claiming an interest in or lien upon the mortgage premises described in the complaint,

              Defendants.

**REPORT OF GUARDIAN AD LITEM AND MILITARY ATTORNEY**

---

STATE OF NEW YORK          )  
COUNTY OF BRONX           )ss.

    Frederic B. Potack, Esq., being duly sworn, deposes and says that I am an attorney at law, duly authorized to practice in the Courts of the State of New York, maintains offices at 384 E. 149th

Exhibit E

Street, Bronx, New York 10455, and hereby reports to this Court the following facts and nature of services performed in acting for and representing the defendants herein.

1. Pursuant to an Order of this Court dated March 20, 2001, I was appointed Guardian Ad Litem and Military Attorney, to represent and protect the possible interests of Mary Keys, Al Keys, Jr. and Any unknown heirs to the Estate of Essie Keys, if living, and if they be dead, then their respective heirs at law, distributees, executors, administrators, trustees, devisees, legatees, assignees, and generally all persons having a claim under, by or through said defendants who may be deceased, by purchase, inheritance, lien or otherwise, to any right, title or interest in or to the premises described in the Complaint herein, all of whose names are unknown to Plaintiff, and all those defendants served with the summons by publication who may be incompetents and as Military Attorney to answer and appear for the defendants and unknown parties to this action who may be in the military service of the United States of America, for the purpose of acting for, representing and protecting their interest in this proceeding.

2. That I have examined into the facts and circumstances stated in the complaint and to the best of my ability have made myself acquainted with the rights of the parties whom I represent.

3. That I have examined the file in this action and consulted with the attorney for the plaintiff concerning the matters herein.

4. That I have made an effort to ascertain whether there are

any persons involved in this action who are infants or incompetents, and also to ascertain whether there are any persons who are defendants in this action, who may be in the military service, and have been unable to learn of any such defendants.

5. That it appears that the defendants claim or may claim an estate or interest adverse to that of the plaintiff.

6. It appears from the records herein that there never were any tax sales.

7. I have examined the proofs of publication, and find that the order directing publication has been fully carried out and complied with and, therefore, this Court has jurisdiction over the subject matter of the within proceedings as well as the person of the defendants. As Guardian Ad Litem and Military Attorney herein, I have no knowledge of any defense to the within foreclosure action.

WHEREFORE, your deponent prays for such reasonable fee as Guardian ad Litem and Military Attorney herein as the Court may seem just and proper.

Dated: April 18, 2001

Frederic B. Potack, Esq.
Guardian Ad Litem

Sworn to before me this 18th day of April, 2001.

_____
NOTARY PUBLIC

DIANE RIVERA
Notary Public, State of New York
No 01RI5059312
Qualified in Bronx County
Commission Expires April 22, 2002

FILE NO: 99-34694R

Exhibit F

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------*

UNION PLANTERS BANK, NA,

                              Plaintiff(s),

    -against-

DEBORAH KEYS, WINSTON MASON, AL KEYS, JR., ARTHUR KEYS, JILES KEYS, MARY KEYS, if living, and if they be dead, any and all persons who are spouses, widows, grantees, mortgagees, lienors, heirs, devises, distributees or successors in interest of such of them as may be dead, all of whom and whose names and places of residence are unknown to plaintiff, CITY OF NEW YORK TRANSIT AUTHORITY, TRANSIT ADJUSDICATION BUREAU, CITY OF NEW YORK DEPARTMENT OF TRANSPORTATION PARKING VIOLATIONS BUREAU, CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD, CRIMINAL COURT, BRONX COUNTY, STATE OF NEW YORK, and "JOHN DOE #1" through "JOHN DOE #10", the last ten names being fictitious and unknown to the plaintiff, the person or parties intended being the persons or parties, if any, having or claiming an interest in or lien upon the mortgage premises described in the complaint,

                              Defendant(s).
------------------------------------------------------------*

Index No. 00/15633

SUPPLEMENTAL REPORT OF GUARDIAN AD LITEM &

STATE OF NEW YORK)
COUNTY OF BRONX) ss.

    FREDERIC B. POTACK, being duly sworn, deposes and says:

    1. That this affidavit is made as a supplement to my report of Guardian Ad Litem and Military attorney.

    2. That I attempted to locate the attorney who represented Essie Keys when she entered into the mortgage with the plaintiff in order to determine if he knew the

Exhibit E

whereabouts of her heirs. However, I determined that Mr. Perricone, the attorney is also deceased.

3. I personally made an Internet search in an attempt to locate Mary Keys in Bronx County and in Westchester County, however, I was unsuccessful.

4. The affidavit of due diligence and attempted service of Cheryl Fratello dated July 26, 2000 contains an inconsistency with the affidavit of Daniel Batista dated July 25, 2000. In order to resolve the discrepancy between Ms. Fratello's affidavit and the affidavit of Mr. Batista concerning the search to determine whether Letters of Administration or Letters of Probate were issued as to Mary Keys in Suffolk County or Bronx County, I personally conducted a search at the Surrogate's Court, Bronx County and determined that no such Letters were issued.

5. I also checked with Verizon information and was advised that they had a telephone listing for a party by the name of "Keys" at 4164 Wickham Avenue, Bronx, New York but it was an unlisted telephone number and the first name of that person was not Mary. Perhaps a further investigation can be made by the plaintiff in order to ascertain whether that person has any knowledge of Mary Keys.

                                          FREDERIC B. POTACK
                                          Guardian Ad Litem

Sworn to before me this
___ day of April, 2001.

_____
DIANE RIVERA
Notary Public, State of New York
No. 01RI5059312
Qualified in Bronx County
Commission Expires April 22, 2002