EXHIBIT "G"

NEW YORK SUPREME COURT - COUNTY OF BRONX

## PART 10

Case Disposed ❏
Settle Order ❏
Schedule Appearance ❏

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX:
-----------------------------------------------------------X

UNION PLANTERS BANK,N.A.

Index N°. 0015633/2000

-against-

Hon.. **ALAN SAKS**

KEYS,DEBORAH

Justice.

-----------------------------------------------------------X

The following papers numbered 1 to _____ Read on this motion, **DISMISSAL**
No. **62-** on the Motion Calendar of **January 25 2002**

|  | PAPERS NUMBERED |  |
|---|---|---|
| Notice of Motion - Order to Show Cause - Exhibits and Affidavits Annexed | 1-2 |  |
| Answering Affidavit and Exhibits | 3 |  |
| Replying Affidavit and Exhibits | 4, 5 |  |
| Affidavits and Exhibits |  |  |
| Pleadings - Exhibit |  |  |
| Stipulation(s) - Referee's Report - Minutes |  |  |
| Filed Papers |  |  |
| Memoranda of Law |  |  |

*FILED*

JUN 06 2002

BRONX COUNTY CLERK'S OFFICE



Upon the foregoing papers this ~~motion petition and cross-motions~~ is ~~are~~ decided ~~granted on default~~ in accordance with the annexed decision and ~~settle~~ order.

Motion is Respectfully Referred to:
Justice: _____
Dated: _____

Dated: **6 : 4 : 02**

Hon. _____
**ALAN SAKS, J.S.C.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX - IA-10
------------------------------------------------------------x

UNION PLANTERS BANK, N.A.,

                      Plaintiff(s)

           -against-

DEBORAH KEYS, et al,

                      Defendant(s)
------------------------------------------------------------x

**DECISION & ORDER**
Index No. 15633/00

FILED
JUN 0 6 2002
BRONX COUNTY CLERK'S OFFICE

HON. ALAN J. SAKS:

      Motion number 4 of November 6, 2001 and motion number 102 of January 25, 2002 are hereby consolidated for purposes of disposition and are disposed of as follows:

      Defendant Deborah Keys seeks to vacate a default in appearing in this action to foreclose a mortgage and for judicial sale. In order to prevail, movant must demonstrate excusable default and a meritorious defense.

      Plaintiff has demonstrated the personal jurisdiction over Ms. Keys was obtained by service of process pursuant to CPLR 308 (4). The process server's affidavit relates that after attempting to effectuate service pursuant to CPLR 308 (1) and (2) on May 12, 2000, May 17, 2000, May 20, 2000, May 25, 2000 and May 27, 2000, on this last date he resorted to service in accordance with CPLR 308 (4). Ms Keys emphatically and repeatedly denies any attempts at service on all occasions except May 27, 2000.

      Issues raised by Ms. Keys with respect to service of process on other persons named in this action are irrelevant because she has no legal standing to raise them and in any event relate to a prior mortgage foreclosure action which was abandoned

      Additionally, the alleged meritorious defense sought to be raised herein has not been proven. Ms. Keys alleges that her mother, the primary obligor on the note and mortgagor had purchased a life insurance policy which provided for payment of all unliquidated sums under the mortgage in the event of death. No proof whatsoever as to the existence of such a policy has been demonstrated.

      Accordingly, it is hereby ordered that defendant's motions seeking vacatur of her default and dismissal of the underlying mortgage foreclosure action are denied.

      The foregoing constitutes the decision and order of the Court.

Date: June 4, 2002

                               ALAN J. SAKS
                               J.S.C.

EXHIBIT "H"

10/2/02

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**
------------------------------------------------------------X

UNION PLANTERS BANK, N.A.,

                       **Plaintiff-Respondent,**

          -against-

Deborah Keys

                    **Defendant-Appellant,**

Index No. 15633/00

**NOTICE OF APPEAL**

and Winston Mason; Mary Keys; Arthur Keys; Jiles Keys; Mary Keys; if living, and if they be dead, any and all persons who are spouses, widows, grantees, mortgagees, lienors, heirs, devisees, distributees or successors in interest of such of them as may be dead, all of whom and whose names and places of residence are unknown to Plaintiff; Any Unknown heirs of the Estate of Essie Keys, if living and if they be dead, any and all persons who are spouses, widows, grantees, mortgagees, lienors, heirs, devisees, distributees or successors in interest of such of them as may be dead, all of whom and whose names and places of residence are unknown to Plaintiff; City of New York Transit Authority, Transit Adjudication Bureau; City of New York Department of Transportation Parking Violations Bureau; City of New York Environmental Control Board; Criminal Court Bronx County; State of New York, and "JOHN DOE #1" through "JOHN DOE #10", the last ten names being fictitious and unknown to the plaintiff, the person or parties intended being the persons or parties, if any, having or claiming an interest in or lien upon the mortgage premises described in the complaint.

                   **Defendants.**

------------------------------------------------------------X

      **PLEASE TAKE NOTICE,** that the DEFENDANT-APPELLANT

DEBORAH KEYS, hereby appeals to the Appellate Division of the Supreme Court, First

Judicial Department, from so much of that part of the Order rendered by the Hon J. Alan J. Saks,

Justice, dated June 4, 2002 and entered June 6, 2002 in the office of the clerk of the within

named Court, which denied defendant's motions seeking vacatur of her default and dismissal of

the underlying foreclosure action.

I hereby certify compliance with 22 N.Y.C.R.R. Section 130-1.1a.

Dated: New York, New York
October 2, 2002

UNCYK, BORENKIND & NADLER, L.L.P.

By: Ronit Haviv
Attorneys for Plaintiff
114 West 47th Street
New York, New York 10036
212-575-1292

TO:

Shapiro & Dicaro, LLP
250 Mile Crossing Boulevard
Suite One
Rochester, New York 14624

City of New York Environmental Control Board
59-17 Junction Boulevard
Corona, New York

Winston Mason
4164 Wickham Avenue
Bronx, New York 10469

Criminal Court Bronx county
215 East 161st Street
Bronx, New York 11201

City of New York
Transit Adjudication Bureau
505 Fulton Street
Brooklyn, New York 11202

State of New York
300 Motor Parkway
Hauppauge, New York 11788

City of New York Department
of Transportation
Parking Violations Bureau
100 Church Street
New York, New York 10001

Arthur Keys
24 Mulford Gardens
Yonkers, New York 11788

Jiles Keys
218 Washington Street
Mount Vernon, New York 10550

Frederic B. Potac, Esq.
Guardian Ad Litem
384 E. 149th Street
Bronx, New York 10455

2

EXHIBIT "I"

*± A 1 U*

# UNCYK, BORENKIND & NADLER, L.L.P.

## COUNSELORS AT LAW

114 WEST 47TH STREET, NEW YORK, NEW YORK 10036-8401

(212) 575-1292          TELECOPIER (212) 768-4469

<div style="float:left">

ELI UNCYK
ALAN BORENKIND
MYRON R. NADLER
———
JEFFREY S. KOFSKY
RONIT HAVIV

</div>

<div style="float:right">

OF COUNSEL

BARRY PLATNICK

</div>

September 26, 2002

Supreme Court of the State of New York
Bronx County
Room 217- Motion Clerk
851 Grand Concourse
Bronx, New York 10451

**FILED**
**DEC 0 2 2002**
**BRONX COUNTY CLERK'S OFFICE**

<div align="center">

Re  Motion returnable September 27, 2002
Index No. 00/15633
<u>Union Planters Bank, N.A. v. Deborah Keys et al.</u>

</div>

Honorable Sirs/Madam:

We have recently been retained by Deborah Keys, one of the defendants in the above referenced action. We respectfully request an adjournment of the motion for an order of reference, returnable on September 27, 2002 at a Special Term. We understand that the motion will be submitted on that date (we only have a copy of the notice of motion and order of reference, but do not have a copy of an affirmation in support of the motion). As we have just been retained by Deborah Keys to represent her in the within action, we request an adjournment in order to adequately prepare and have an opportunity to oppose the motion, or consent (if appropriate) and in order to review all the documentation, which we do not have in our possession.

Deborah Keys intends to apply to the Appellate Division for a stay pending an appeal a prior Order in the matter.

After speaking with the Court, we were informed that the motion will be submitted on September 27, 2002 and to submit the within request for an adjournment in writing in room 217.

**Page Two**
September 26, 2002
Motion Clerk


We have contacted Diantha Fuller of Shapiro & DiCaro, LLP, counsel for the plaintiff, in order to obtain their consent to the request for an adjournment. The plaintiff did not consent to this requested adjournment.

We therefore respectfully request an adjournment to October 29, 2001 or a date thereafter.  We apologize to the court for any inconvenience.



Very truly yours,

Ronit Haviv

*10/28/02*

*10Sm*
*10/29*

## UNCYK, BORENKIND & NADLER, L.L.P.  *Submission*

### COUNSELORS AT LAW

114 WEST 47TH STREET, NEW YORK, NEW YORK 10036-8401

(212) 575-1292          TELECOPIER (212) 768-4469

*10*

ELI UNCYK
ALAN BORENKIND
MYRON R. NADLER
―――
JEFFREY S. KOFSKY
RONIT HAVIV

OF COUNSEL
BARRY PLATNICK


*Application*

October  28, 2002

Supreme Court of the State of New York
Bronx County
Room 217- Motion Clerk
851 Grand Concourse
Bronx, New York 10451

> Re   Motion returnable October 29, 2002
>        Index No. 00/15633
>        <u>Union Planters Bank, N.A. v. Deborah Keys et al.</u>

Honorable Sirs/Madam:

We represent Deborah Keys, one of the defendants in the above referenced action. We respectfully request an adjournment of the motion for an order of reference, returnable on October 29, 2002 at a Special Term.  We understand that the motion will be submitted on that date.  We will be appearing before the Appellate Division tomorrow at 3:00 p.m. for an interim stay and for a motion for a stay pending appeal.

We therefore respectfully request an adjournment to November 8, 2002 or a date thereafter.  We apologize to the court for any inconvenience.

Very truly yours,

Ronit Haviv

EXHIBIT "J"

At IAS Part 10 of the Supreme Court of the State of New York in and for the County of Bronx, at Bronx, New York, on ~~February 26    2003~~ July 16, 2003

Present: Hon. Alan J. Saks, J.S.C.

Index No. 00/15633

Countrywide Home Loans, Inc.,

Plaintiff,

- against -

**JUDGMENT OF FORECLOSURE AND SALE**

Deborah Keys; Winston Mason; Mary Keys; Arthur Keys; Jiles Keys; Mary Keys, if living, and if they be dead, any and all persons who are spouses, widows, grantees, mortgagees, lienors, heirs, devisees, distributees or successors in interest of such of them as may be dead, all of whom and whose names and places of residence are unknown to Plaintiff; Any Unknown heirs of the Estate of Essie Keys, if living, and if they be dead, any and all persons who are spouses, widows, grantees, mortgagees, lienors, heirs, devisees, distributees or successors in interest of such of them as may be dead, all of whom and whose names and places of residence are unknown to Plaintiff; City of New York Transit Authority, Transit Adjudication Bureau; City of New York Department of Transportation Parking Violations Bureau; City of New York Environmental Control Board; Criminal Court Bronx County; State of New York,

Defendant(s).

ON the summons, complaint and notice of pendency duly filed in this action on May 2, 2000, Supplemental Summons and Amended Complaint filed on August 21, 2000, Order

for Service by Publication filed on August 21, 2000, Order Extending Notice of Pendency filed on October 24, 2002 and all proceedings thereon; and on reading and filing the notice of motion dated January 3, 2003 and affirmation of regularity of Frank M. Cassara, Esq., dated January 3, 2003, with exhibits annexed, showing that all of the Defendant(s) herein have been duly served within this State with the summons in this action, or have voluntarily appeared by their respective attorneys; and on the proof of service upon and appearance by the Defendant(s) herein heretofore filed in this action; and stating that more than the legally required number of days have elapsed since said Defendant(s) were so served, except for the Defendant, Deborah Keys, whose motion to dismiss the complaint which was denied by the Honorable Alan J. Saks, J.S.C. on June 6, 2002; and that none of the Defendant(s) has served an answer to said Complaint, nor has their time to do so been extended; and

ON the order of reference made and entered on December 2, 2002, appointing David Lesch, Esq. as Referee in this action to ascertain and compute the amount due, and to examine the Plaintiff or its agent on oath as to the allegations of the complaint, and to examine and report whether the mortgaged premises should be sold in one or more parcels; and on reading and filing of the oath and report of the aforesaid Referee sworn to and dated December 20, 2002, it appears that the sum of $68,015.09 was due the Plaintiff, as of August 31, 2002, plus a per diem interest for every day thereafter, on the date of said Report and that the mortgaged premises should be sold in one parcel.

ON reading the report of Frederic B. Potack, Esq., Guardian Ad Litem and Military Attorney, appointed pursuant to an Order of this Court, and the various other papers of said Guardian previously filed herein; and

NOW, on motion of Shapiro & DiCaro, LLP, the attorneys for the Plaintiff, it is

ORDERED, that the motion is granted, and it is further

ORDERED, ADJUDGED AND DECREED that the report of David Lesch, Esq.
dated December 20, 2002, be, and the same is hereby, in all respects, ratified and
confirmed; and it is further

ORDERED, ADJUDGED, AND DECREED that the mortgaged premises
(SECTION: 17, BLOCK: 5009 AND LOT: 76) as further described in the complaint in this
action and hereinafter described, or such part thereof as may be sufficient to discharge the
mortgage debt under the note and mortgage, the expenses of the sale and the costs of this
action as provided by the Real Property Actions and Proceeding Law be sold, in one parcel,
at public auction at _Cm 118m, 851 Grand Concourse, Bx, N.Y._, by and under the
direction of David Lesch, Esq., who is hereby appointed Referee for that purpose; that said
Referee give public notice of the time and place of such sale in accordance with law, practice
of this Court and RPAPL §231 in _The New York Law Journal and The Riverdale River_
_____ and that the
Plaintiff or any other party to this action may become the purchaser at such sale; that in case
the plaintiff shall become the purchaser at the said sale, they shall not be required to make
any deposit thereon; that said Referee execute to the purchaser or purchasers on such sale a
deed of the premises sold; that in the event a party other than the plaintiff becomes the
purchaser or purchasers at such sale they shall be required to tender a deposit of 10% of the
purchase price in certified funds and the closing of title shall be had thirty days after such
sale unless otherwise stipulated by all parties to the sale and if such closing is required, and
the Referee seeks and is awarded additional fees for said closing, those fees shall be paid by
the purchaser; and it is further,

ORDERED, ADJUDGED AND DECREED, that said Referee on receiving the

proceeds of the sale, shall forthwith pay therefrom, in accordance with their priority

according to law, the taxes, assessments, sewer rents or water rates which are or may

become liens on the premises at the time of sale with such interest or penalties which may

have lawfully accrued thereon to the date of payment; and it is further,

**ORDERED, ADJUDGED AND DECREED,** that said Referee then deposit the

balance of said proceeds of sale in his/her own name as Referee in *Kram 9fe Chase*

*Bank*_____, and shall thereafter make the following payments and his/her checks

drawn for that purpose shall be paid by said depository;

**FIRST:**    That statutory fees of the Referee *not to exceed* in the sum of $500.00.

**SECOND:**    The expenses of sale and the advertising expenses as shown on the bills

presented and certified by said Referee to be correct, duplicate copies

of which shall be annexed to the report of sale.

**THIRD:**    Said Referee shall also pay to the plaintiff or plaintiff's attorney, the

sum of $8,159.94 adjudged to the plaintiff for costs and disbursements

in this action or as taxed by the Clerk on the Costs of Plaintiff and

inserted therein, with interest thereon from the date hereof; together

with an additional allowance of $ *300.00* hereby awarded to the

plaintiff in addition to costs, with interest thereon from the date hereof,

and also the sum of $68,015.09 the said amount so reported due as

aforesaid, together with contractual interest thereon from the day after

interest was calculated to in said report to the date of entry of the

Judgment and legal interest thereafter, or so much thereof as the

purchase money of the mortgaged premises will pay of the same,



together with any advances as provided for in the note and mortgage, which plaintiff has made for taxes, insurance, principal and interest and any other charges due to prior mortgages, or to maintain the premises pending consummation of this foreclosure sale, not previously included in the computation and upon presentation of receipts for said expenditures to the Referee, all together with interest thereon pursuant to the note and mortgage.

**FOURTH:**   If such Referee intends to apply for a further allowance for his/her fees, an application shall be made to the court therefor upon due notice to those parties entitled thereto.

That in case the plaintiff be the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchasers at said sale and the terms of sale under the judgment shall be assigned to and be acquired by the plaintiff, and a valid assignment thereof filed with said Referee, said Referee shall not require the plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the plaintiff or its assignee, a deed or deeds of the premises sold upon the payment to said Referee of the amount specified above in items marked "FIRST" and "SECOND" and the amounts of the aforesaid taxes, assessments, sewer rents and water rates, with interest and penalties thereon, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing payment thereof; that the balance of the amount bid, after deducting therefrom the aforesaid amounts paid by the plaintiff for Referee's fees, advertising expenses, taxes, assessments, sewer rents and water rates shall be allowed to the Plaintiff and applied by said Referee upon the amounts due to the plaintiff as specified in



item marked **"THIRD"**; that if after so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the plaintiff, the plaintiff shall pay to the said Referee, upon delivery to plaintiff of said Referee's deed, the amount of such surplus; that said Referee on receiving said several amounts from the plaintiff shall forthwith pay therefrom said taxes, assessments, sewer rents, water rates, with interest and penalties thereon, unless the same have already been paid, and shall then deposit the balance.

The said Referee shall take the receipt of the Plaintiff or the attorneys for the Plaintiff for the amounts paid as directed in item **"THIRD"** above, and file it with his/her report of sale; that he/she deposit the surplus monies, if any, with the Bronx County Clerk within five days after the same shall be received and be ascertainable, to the credit of this action, to be withdrawn only on an order of this Court, signed by a Justice of this Court. The Referee shall make his/her report of such sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the persons to whom payments were made, and shall file it with the Bronx County Clerk within thirty days after completing the sale and executing the proper conveyance to the purchaser and that if the proceeds of such sale be insufficient to pay the amount reported due to the Plaintiff with interest and costs as aforesaid, the Plaintiff shall recover from the Defendants, Winston Mason, Estate of Essie Mae Keys and Mary Keys, unless discharged in bankruptcy, the whole deficiency or so much thereof as this Court may determine to be just and equitable of the residue of the mortgage debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by §1371 of the Real Property Actions and Proceedings Law within the time limited therein.



and the amount thereof if determined and awarded by an Order of this Court as provided for in said section; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the purchaser(s) at said sale be let into possession on production or delivery of the Referee's deed or deeds; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Guardian ad Litem and Military Attorney herein, Frederic B. Potack, Esq., be paid the sum of $937.50 for services rendered herein; and it is further

**ORDERED, ADJUDGED AND DECREED** that each and all of the Defendant(s) in this action and all persons claiming under them, or any or either of them, after the filing of such notice of pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest, and equity of redemption in said mortgaged premises and each and every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED,** that said premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose; any state of facts than an accurate survey of the premises would show; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreement of record, if any; any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same; any rights of tenants or persons in possession of the subject premises; prior lien(s) of record, if any, except those liens addressed in §1354 of the Real Property Actions and Proceeding Law; any equity of redemption of the UNITED STATES OF AMERICA to redeem the premises within 120 days from date of sale; and the purchaser is to pay the New York State and New York City real property transfer taxes and it is further

**ORDERED**, that a copy of this Judgment with Notice of Entry shall be served upon the Referee in this matter, the **owner of the equity of redemption**, any **tenants** named in this action and any other party entitled to notice;

Said premises commonly known as 4164 Wickham Avenue, Bronx, New York 10469. A description of said mortgaged premises is annexed hereto and made a part hereof as Schedule A.

ENTER

_____

Hon. Alan J. Saks, J.S.C.

Attorney certification pursuant
to 22 NYCRR §130-1.1-a
is affixed to inside cover.

*Hector L. Diaz* clk.

AUG 0 1 2003

**ORDERED**, that a copy of this Judgment with Notice of Entry shall be served upon the Referee in this matter, **the owner of the equity of redemption**, any **tenants** named in this action and any other party entitled to notice;

Said premises commonly known as 4164 Wickham Avenue, Bronx, New York 10469. A description of said mortgaged premises is annexed hereto and made a part hereof as Schedule A.

ENTER

_____
Hon. Alan J. Saks, J.S.C.

Attorney certification pursuant
to 22 NYCRR §130-1.1-a
is affixed to inside cover.

_____ clk.
Hector L. Diaz

AUG 0 1 2003



FILED-RECORDED

09 AUG -1 AM 10:08
COUNTY CLERK
BRONX COUNTY

Nationwide Court Services, Inc.
3340 Veterans Memorial Highway
Bohemia, NY 11716
(631)981-4400
Fax (631)738-9569

SUPREME COURT
OF THE STATE OF NEW YORK
COUNTY OF BRONX

INDEX NO. 0015633

Countrywide Home Loans, Inc.,

Plaintiff,

-vs-

Winston Mason, Estate of Essie Mae
Keys and Mary Keys, et al,

Defendant(s)

JUDGMENT OF FORECLOSURE
AND SALE

SHAPIRO & DICARO, LLP
ATTORNEYS FOR PLAINTIFF
250 Mile Crossing Boulevard
Suite One
Rochester, New York 14624
(585) 247-9000
(585) 247-7380 Fax

Judgment entered for
AUG 01 2008
on AUG 01 2008