EXHIBIT "K"

**EX PARTE AND URGENT MOTION PART** 718

At an _____ of the New York Supreme Court held in Bronx County at the Bronx County Building in the City of New York on September 30th 2003

Present
Hon. **Howard R. Silver**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX – IAS Part
-----------------------------------------------------------x

A-10

Countrywide Home Loans, Inc.

~~DEFENDANT~~/PLAINTIFF

-against-

Debrah Keys, Winston Mason,
Estate of Essie May Keys
Mary Keys, Arthur Keys, Jiles Keys,
Mary Keys, if living, an if they be
dead, any and all persons who are
spouses, widows, grantees, mortgages,
lienors, heirs, devisees, distributes
or successors in interest of such of
them as may be dead, all of whom and
whose names and places of residence
are unknown to Plaintiff; any unknown
heirs of the Estate of Essie Keys,
if living, and if they be dead, any
and all persons who are spouses,
widows, grantees, mortgages, lienors,
heirs, devisees, distributes or
successors in intgerest of such of
them as may be dead, all of whom and
whose names and places of residence
are unknown to Plaintiff, City of
New York Transit Authority, Transit
Adjudication Bureau; City of New
York Department of Transportation
Parking Violations Bureau; City of New
York Environmental Control Board;
Criminal Court Bronx County; State of
New York,

DEFENDANT/~~PETITIONER~~
-----------------------------------------------------------x

INDEX NO. 00/15833

ORDER TO SHOW CAUSE WITH
TEMPORARY RESTRAINTS IN
CIVIL ACTION

FILED
NOV 0 5 2003
BRONX COUNTY CLERK'S OFFICE

Alan J. Saks

This matter having been opened to the Court by Debrah Keys, Individually and on behalf of the estate of Essie Keys, as a Pro Se Defendant/Petitioner in the above matter, and the Court upon reading and filing the affidavit of the petitioner, sworn to the on the 30th day of September 2003, and upon the exhibits attached to the affidavit; let the Plaintiff/~~Respondent~~, or their attorney, and any other person of interest, SHOW CAUSE at ~~the~~ IAS Part 8, Room 217 of this

[Handwritten marginalia:]
9/30/03 - One respectfully refer this application back to Motion Support for reassignment to another Justice and for transfer of the action as well. I am having myself recuse the Clerk advised me that applicant told Clerk that she has filed a complaint against me with the NYS Commission on Judicial Conduct.
[signature] J.S.C.

Court, to be held in the Supreme Court of New York, County of Bronx, 851 Grand Concourse, Bronx, New York 10451, on the 8th day of October, 2003, at 9:30 o'clock in the forenoon or as soon as counsel may be heard why an ORDER should not be made staying Referee Sale, for property located at 4164 Wickham, Bronx, New York, 10466, by the Defendant/Petition, and which said property is the subject matter of this action, and any such action would prejudice the defendants as a matter of law, and before notice can be served or informally given and a hearing hereon, and for GOOD CAUSE SHOWN pending the hearing of this motion:

~~It is on this ___ day of ___, 2002,~~

ORDERED THAT, the Plaintiff/~~Respondent~~, or their attorneys, Shapiro, Dicaro, LLP, and/or David Lesch, Esq., Bronx County Referee, SHOW CAUSE before this Court why the Defendant/~~Petitioner~~ should not be given the relief she seeks, and, otherwise prove that proper notice was given.

It is further ORDERED that, pending the hearing of this motion ~~return date of this ORDER~~, the Plaintiff/~~Respondent~~, or their attorney, and the Referee be stayed from transferring the deed ~~stay all proceedings against the Defendant/Petitioner until further order from this Court~~ as to the premises known as: 4164 Wickham, Bronx, New York 10466.

HRS
J.S.C.

It is further ORDERED that, a copy of ~~a true but uncertified copy of~~ this ORDER and ~~Petitioner~~/Defendant Affidavit be personally served upon the Plaintiff/~~Respondents~~ Attorneys, Shapiro, DiCaro, LLP, David Lesch, Esq, Referee, and any other party appearing ~~of interest that the Court may~~ on or before October 1st, 2003 be deemed sufficient. ~~determine should be given notice, or their attorney, within seven (7) days of the date hereof.~~

It is further ORDERED that, after sufficient cause appearing therefore, let the Defendant/Petitioner service a copy of this ORDER, and the other papers upon which this ORDER is GRANTED, upon

ENTER:
HRS
J.S.C. Howard R Silver
Howard R. Silver

EXHIBIT "L"

NEW YORK SUPREME COURT - COUNTY OF BRONX
IAS PART 08
------------------------------------------------------------X
COUNTRYWIDE HOME LOANS, INC.,
        Plaintiff,                                INDEX No. 15633/2000

-against-

DEBORAH KEYS et al.,                        Present:
        Defendants.                      HON. BETTY OWEN STINSON
------------------------------------------------------------X   J.S.C.



The following papers numbered 1 to 3 read on this motion for stay of transfer of deed of sale –
referred to Part 8 because of recusal by Justice Alan Saks, Part 10
No. 2 on the Calendar of 10-27-03

                                                                        PAPERS NUMBERED
Order to Show Cause – Exhibits and Affidavits Annexed..............  1
Answering Affidavit and Exhibits.................................................  2
Replying Affidavit and Exhibits....................................................  3

      Upon the foregoing papers this application by defendant Deborah Keys for an order staying transfer of the deed to the subject real property in this foreclosure action is denied. Ms. Keys argues that the sale was not properly noticed according to statute, namely "RPL § 1402". Plaintiff, however, provided proof that the notice conformed to the requirements of Real Property Actions and Proceedings Law § 231, the applicable provision. In addition, Ms. Keys argues that she was "never served" with the Summons and Complaint in this action. In her reply (denominated "Responsive Affirmation to Plaintiff's Affirmation in Opposition to Order to Show Cause and Request to Produce Records"), Ms. Keys also argues that she believes her mother, an owner of record of the subject property, responded to a solicitation to purchase a mortgage life insurance policy from New York Guardian and mortgage payment records, if produced by plaintiff, might show an amount paid over and above the amount due, indicating possible premium payments. Neither of these last two arguments may be heard by this court as they were previously considered and rejected by Supreme Court Justice Alan Saks in his Order dated June 6, 2002. In that Order, Justice Saks denied Ms. Keys' motion to vacate a default judgment of foreclosure against her, finding that she had demonstrated neither an excusable default nor a meritorious defense. Ms. Keys' demand for production of records at this point is untimely and unjustified. Moreover, despite including a copy of the purported solicitation for insurance in her reply, Ms. Keys has offered nothing to show that she made any previous attempt on her own to discover the information she now seeks or that previous attempts to do so were unsuccessful.

      In essence, petitioner's application is tantamount to a motion to reargue the decision of Justice Saks, dated June 6, 2002. Her application is untimely and, even if it were not, does not convince this court that Justice Saks misapprehended or misunderstood the applicable law or relevant facts.

      This constitutes the decision and order of the court.

Dated: October 31, 2003
       Bronx, New York

                                                                       _____
                                                                     BETTY OWEN STINSON, J.S.C.

EXHIBIT "M"

11/25/03

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX - IAS Part 08
------------------------------------------------
Countrywide Home Loans, Inc.                    Index No. 00/15633

    RESPONDANT/PLAINTIFF                        NOTICE OF APPEAL

    -against-                                   Hon. Betty Owen Stinson

Debrah Keys, Winston Mason, Estate of Essie May
Keys, Mary Keys, Arthur Keys, Jiles Keys,
Mary Keys, if living, and if they be dead,
any and all persons who are spouses, widows,
grantees, mortgages, lienors, heirs, devisees,
distributes or successors in interest of such of
them as may be dead, all of whom and whose names
and places of residence are unknown to Plaintiff;
any unknown heirs of the Estate of Essie Keys,
if living, and if they be dead, any and all persons
who are spouses, widows, grantees, mortgages,
lienors, heirs, devisees, distributes or successors
in interest of such of them as may be dead, all of
whom and whose names and places of residence are
unknown to Plaintiff, City of New York Transit
Authority, Transit Adjudication Bureau; City of New
York Department of Transportation Parking Violations
Bureau; City of New York Environmental Control Board;
Criminal Court Bronx County; State of New York,

    DEFENDANT/PETITIONER
------------------------------------------x

    PLEASE TAKE NOTICE that, Debrah Keys, a Pro Se Defendant, hereby Appeals to the Appellate Division of the Supreme Court of the State of New York, First Judicial Department, from an Order of the Hon. Betty Owen Stinson, J.S.C. of the Supreme Court of the State of New York, IAS Part 08, Bronx County, dated October 31, 2003, said Order denied Defendant's Motion to Stay the transfer of a deed from a Referee Sale of property located at 4164 Wickham Avenue, Bronx, New York, 10466, and otherwise set aside a foreclosure judgment pending discovery, and this appeal is taken from each and every part of that document which is annexed hereto.

Dated:     Bronx, New York
              November 25, 2003

                                      Debrah Keys
                                      4164 Wickham Avenue
                                      Bronx, New York 10466
                                      718-994-7666

EXHIBIT "N"

Tel # 212 420307

FAX # 212 8385026.

At an ~~EXPARTE AND URGENT MOTION PART 718~~ IAS Part 8 of the New York Supreme Court held in Bronx County at the Bronx County Court Building in the City of New York on August 30 2004

PRESENT: HON. ~~BETTY OWEN STINSON~~
                                   Justice of the Supreme Court

8/30/04

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------X
Countrywide Home Loans, Inc.,
                                        Plaintiff,
            - against -

IAS 8

Debrah Keys; Winston Mason; Mary Keys; Arthur Keys; Jiles Keys; Mary Keys, if living, and if they be dead, any and all persons who are spouses, widows, grantees, mortgagees, lienors, heirs, devisees, distributees or successors in interest of such of them as may be dead, all of whom and whose names and places of residence are unknown to Plaintiff; Any Unknown heirs of the Estate of Essie Keys, if living, and if they be dead, any and all persons who are spouses, widows, grantees, mortgagees, lienors, heirs, devisees, distributees or successors in interest of such of them as may be dead, all of whom and whose names and places of residence are unknown to Plaintiff; City of New York Transit Authority, Transit Adjudication Bureau; City of New York Department of Transportation Parking Violations Bureau; City of New York Environmental Control Board; Criminal Court Bronx County; State of New York,

                                        Defendant(s).
---------------------------------------------------------------X

INDEX NO. 00/15633

ORDER TO SHOW CAUSE

FILED

DEC 1 5 2004

BRONX COUNTY CLERK

Upon the annexed affidavit with exhibits of defendant DEBRAH KEYS, individually, and named executor and prospective preliminary executor of the Estate of ESSIE MAE KEYS, a/k/a ESSIE MAE KEYES, deceased, sworn to on August 27, 2004, and the affirmation of Barbara H. Katsos Esq., her attorney, dated August 27, 2004, the Judgment of Foreclosure and Sale of the premises known as 4164 Wickham Avenue, Bronx, New York, (the "mortgaged premises") entered herein on August 1, 2003, and all proceedings previously had herein,

Let, the above-named plaintiff, COUNTRYWIDE HOME LOANS, INC., or its attorney, show cause at IAS Part 8, Room 405, of this Court, to be held in the Supreme Court of New on September 8th, 2004

York, County of Bronx, 851 Grand Concourse at __9:30__ o'clock in the __fore__noon thereof, or as soon thereafter as counsel may be heard, why an order pursuant to CPLR 5015(a)(4) should not be made and entered:

    (a) vacating and setting aside said judgment of foreclosure and sale of the mortgaged premises, upon the ground that the court lacked jurisdiction to render said judgment, in that Essie Mae Keys, a/k/a Essie May Keyes, deceased, ("Essie") was a tenant in common owning a fifty (50%) per cent interest in said mortgaged premises at the time of her death; that a summons and complaint were never served on Essie prior to her death, nor on her estate thereafter by service on her personal representative, and that said estate, a necessary party, was not made a party to the prior proceedings herein, and

    (b) granting such other relief as may be just, proper and equitable.

SUFFICIENT CAUSE THEREFOR APPEARING, it is hereby

ORDERED, that pending the hearing ~~and determination~~ of this motion, the plaintiff and the plaintiff's attorney(s), and the Referee appointed by this Court to direct the sale of said mortgaged premises, David Lesch, Esq., and all other persons acting through them or on their behalf, be and they hereby are stayed, from _transferring the deed to the property which is the subject of this action_ ~~any and all proceedings to enforce or collect the judgment, or any part thereof, as against the estate of ESSIE MAE KEYS, a/k/a ESSIE MAE KEYES, deceased, and from selling the mortgaged premises pursuant to said judgment by foreclosure and sale, on September 30, 2004, or otherwis~~e, and is further

[initialed] B / J.S.C.

ORDERED, that service of a copy of this order and of the supporting papers, pursuant to CPLR 2103(b)(1), (3) or (6), on or before __September 1st__ 2004, upon plaintiff's attorneys Shapiro & DiCaro, LLP, 250 Mile Crossing Boulevard, Suite 1, Rochester, New York 14624, and upon the referee, David Lesch, Esq., 860 Grand Concourse, Suite 2M Bronx, New York 10451, _and any other appearing party who has not waived service_ ~~shall~~ be timely and sufficient.

~~Dated: Bronx, New York~~
~~_____, 2004~~

                              ENTER:

                              _Betty Owen Stinson_

                              **BETTY OWEN STINSON**