EXHIBIT "T"

**Loan Policy of Title Insurance**

*Fidelity National Title Insurance Company*
A Stock Company

*cq 78185Q(A)*
*cq-76607B(A)*

**Policy Number 1412-** 1412189

## LOAN POLICY OF TITLE INSURANCE

*SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, FIDELITY NATIONAL TITLE INSURANCE COMPANY, a California corporation, herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of Insurance stated in Schedule A, sustained or incurred by the insured by reason of:*

1. *Title to the estate or interest described in Schedule A being vested other than as stated therein;*

2. *Any defect in or lien or encumbrance on the title;*

3. *Unmarketability of the title;*

4. *Lack of a right of access to and from the land;*

5. *The invalidity or unenforceability of the lien of the insured mortgage upon the title;*

6. *The priority of any lien or encumbrance over the lien of the insured mortgage;*

7. *Lack of priority of the lien of the insured mortgage over any statutory lien for services, labor or material:*

   a. *arising from an improvement or work related to the land which is contracted for or commenced prior to Date of Policy; or*

   b. *arising from an improvement or work related to the land which is contracted for or commenced subsequent to Date of Policy and which is financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance;*

8. *The invalidity or unenforceability of any assignment of the insured mortgage, provided the assignment is shown in Schedule A, or the failure of the assignment shown in Schedule A to vest title to the insured mortgage in the named insured assignee free and clear of all liens.*

*The Company will also pay the costs, attorneys' fees and expenses incurred in defense of the title or the lien of the insured mortgage, as insured, but only to the extent provided in the Conditions and Stipulations.*

*IN WITNESS WHEREOF, FIDELITY NATIONAL TITLE INSURANCE COMPANY has caused this policy to be signed and sealed by its duly authorized officers as of Date of Policy shown in Schedule A.*

C & G Land Abstract, LLC.
21 Walt Whitman Road
Huntington Station, New York 11746

*Fidelity National Title Insurance Company*

By: _____

FIDELITY NATIONAL TITLE INSURANCE CORPORATION
**SEAL**

President

ATTEST: _____

Secretary

Countersigned: _____

Authorized Signature
(Please print name below)

# 3341  # 312

# Fidelity National Title Insurance Company

## Schedule A - Loan Policy

**Amount of Insurance:** $396,800.00

**Policy No.:** 1412-1412189

**File No.:** CG-78185Q(A)

**Date of Policy:** November 13, 2006

1.  **Name of Insured:   NEW YORK COMMUNITY BANK
    ITS SUCCESSORS AND/OR ASSIGNS**

2.  **The estate or interest in the land which is encumbered by the insured mortgage is Fee Simple**

3.  **Title to the estate or interest in the land is vested in:**

    BETTER HOMES DEPOT, INC.

4.  **The insured mortgage and assignments thereof, if any, are described as follows:**

    Mortgage made by BETTER HOMES DEPOT, INC. to NEW YORK COMMUNITY BANK in the amount of $396,800.00 and interest, dated November 13, 2006 and intended to be recorded in the Office of the City Register of the City of New York, Queens County.

5.  **The land referred to in this policy is described as set forth in the insured mortgage, is situated in the County of Queens, State of New York, and is identified as follows:**

    See Schedule A attached hereto

**Countersigned:**

_____
Authorized Officer or Agent

ALTA Loan Policy
Schedule A

**(631) 424-2300
C & G LAND ABSTRACT, LLC.**

# Fidelity National Title Insurance Company

## Schedule B - Loan Policy

## Exceptions from Coverage

Policy No.: 1412-1412189
File No.: CG-78185Q(A)

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of:

1.  SURVEY READING:

    Survey made by Ram Alli, PLS, dated 9/9/06 shows a one (1) story brick dwelling with party walls on the southwesterly and northeasterly sides; garage under; frame door on northwesterly side; stoop and concrete walk on southeasterly side; concrete areas on southeasterly side; Right of Way Easement along northwesterly side (as shown); interior chain link fence on northwesterly;

    Variations or Encroachments:

    (1).  Stockade fence against chain link fence and concrete retaining wall on northwesterly generally along the northwesterly record line;

    (2).  Chain link fence on part of northeasterly up to 1.39 feet west of the northeasterly record line*;

    (3).  Iron fence on brick wall on part of northeasterly up to 0.57 feet west of the northeasterly record line;

    (4).  Iron fence on brick wall on southeasterly up to 7.57 feet south of the southeasterly record line into the bed of Dunlop Avenue;

    (5).  Iron fence on brick wall on part of southwesterly up to 0.20 feet west of the southwesterly record line;

    (6).  Chain link fence on part of southwesterly up to 0.20 feet east and 0.20 feet west of the respective southwesterly record line;

    No other variations or encroachments.

2.  Rights of tenants or persons in possession, as tenants only.

3.  Covenants, restrictions, easements, reservations and other matters which may affect the use of the premises insured herein:

    a. Right of Way in Liber 3836 page 240

    b. Telephone Easement in Liber 3837 page 31660 (affects streets)

    c. Gas Easement in Liber 3828 page 26078 (affects streets)

    d. Water Easement in Liber 3825 page 23884 (affects streets).

- continued on next page -

# C & G LAND ABSTRACT, LLC.

## Title No. CG-78185Q(A)

## Exceptions From Coverage  (continued)

4.    Policy excepts rights of adjoining owners in, over and through said party wall(s).

5.    PARCEL TWO

SURVEY READING:

Survey made by Rrich Plan and Surveyor, P.C., dated 9/27/82, shows a 1-1/2 story frame and aluminum-sided dwelling; enclosed porch and steps on westerly side; one(1) story and open porch and steps on easterly side;detached frame garage with extension (easterly side)on southeast corner;

Variations and/or Encroachments:

(1)Irregular hedge on part of westerly lies up to 6 feet 8 inches west of the westerly record line into the bed of Wickham Avenue;

(2) Very irregular fence (partly down) on part of northerly at or near northerly record line;

(3)Irregular stone wall on easterly straddles the easterly record line;

Irregular wall on part of southerly straddles the southerly record line;

No other variations or encroachments.

SURVEY INSPECTION:

Visual inspection dated 9/27/06 shows no external structural changes.

# C & G LAND ABSTRACT, LLC.

### SCHEDULE B - PART 2

### Policy No. 1412-1412189

In addition to the matters set forth in Part 1 of this Schedule, the title to the estate or interest in the land described or referred to in Schedule A is subject to the following matters, if any be shown, but the Company insures that these matters are subordinate to the lien or charge of the insured mortgage upon the estate or interest:

1.    NONE

# C & G LAND ABSTRACT, LLC.

## Title No. CG-78185Q(A)

### S C H E D U L E   A

ALL that certain plot, piece or parcel of land, situate, lying and being in the Fourth Ward of the Borough of Queens, County of Queens, City and State of New York, bounded and described as follows:

BEGINNING at a point on the Northerly side of Depew Avenue as said Avenue is laid out on the "Map of Holban Gardens, Fourth Ward, Borough of Queens, City of New York, surveyed by William H. Parry, Inc., City Surveyors, January 17th 1936, and filed in the Office of the Register of the County of Queens, as Map No. 6777", distant 109.92 feet Westerly from a point formed by the intersection of the Westerly side of Liberty Avenue and the Northerly side of Depew Avenue;

RUNNING THENCE Westerly along the northerly side of Depew Avenue, a distance of 22 feet;

THENCE RUNNING Northerly and at right angles with said Depew Avenue, and part of the distance through a party wall, a distance of 100 feet;

RUNNING THENCE Easterly parallel with said Depew Avenue, a distance of 22 feet;

RUNNING THENCE Southerly and at right angles with Depew Avenue, and part of the distance through a party wall, a distance of 100 feet to the point or place of BEGINNING.

TOGETHER with the benefits derived from and subject ot the obligations imposed by a certain Declaration of Easement made by Gilroy Building Corp., dated September 21st, 1936 and recorded in the Queens County Register's Office in Liber 3836 cp. Serial No. 31111 on September 22, 1936.

**FOR CONVEYANCING ONLY**

The policy to be issued under this report will insure the title to such buildings and improvements erected on the premises which by law constitute real property.

TOGETHER with all the right, title and interest of the party of the first part, of, in and to the land lying in the street in front of and adjoining said premises.

## Fidelity National Title Insurance Company

### STANDARD NEW YORK ENDORSEMENT

### (LOAN POLICY)

1.  Insuring provision Number 7 is deleted and the following is substituted:

    "7. Any statutory lien for services, labor or materials furnished prior to the date hereof, and which has now gained or which may hereafter gain priority over the estate or interest of the insured as shown in Schedule A of this policy."

2.  Paragraph number 6 of the Exclusions from Coverage is deleted.

3.  The following is added to Paragraph 7 of the Conditions and Stipulations of the policy:

    "(d) If the recording date of the instruments creating the insured interest is later than the policy date, such policy shall also cover intervening liens or incumbrances, except real estate taxes, assessments, water charges and sewer rents."

Nothing herein contained shall be construed as extending or changing the effective date of the policy unless otherwise expressly stated.

This endorsement, when countersigned below by a validating signatory, is made a part of the policy and is subject to the Exclusions from Coverage, Schedules, Conditions and Stipulations therein, except as modified by the provisions hereof.

DATED:        11-13-2006

Countersigned

By _____
        **Authorized Officer or Agent**

**STANDARD NEW YORK ENDORSEMENT (9/1/93)**
**FOR USE WITH ALTA LOAN POLICY (10-17-92)**

# Fidelity National Title Insurance Company

## ENVIRONMENTAL PROTECTION LIEN ENDORSEMENT

### - NEW YORK -

**ATTACHED** to and forming a part of **POLICY NO.**: 1412-1412189

The Company insures the insured against loss or damage sustained by reason of lack of priority of the lien of the insured mortgage over:

 (a) any environmental protection lien which, at Date of Policy, is recorded in those records established under state statutes at Date of Policy for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge, or filed in the records of the clerk of the United States district court for the district in which the land is located, except as set forth in Schedule B; or

 (b) any environmental protection lien provided for by any state statute in effect at Date of Policy, except environmental protection liens provided for by the following state statutes:

(Section 1307 of the Public Health Law)

**THIS ENDORSEMENT** is made a part of the policy and is subject to all the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

**IN WITNESS WHEREOF,** the Company has caused its corporate name and seal to be hereunto affixed by its duly athorized signatory and countersigned on the date hereinafter set forth.

**Dated:** 11-13-2006

Countersigned

By _____
   **Authorized Officer or Agent**

**TIRSA EPL (8.1)(4-24-01)**

- continued on next page -

# Fidelity National Title Insurance Company

## WAIVER OF ARBITRATION ENDORSEMENT

## (LOAN POLICY)

Attached to and made part of Loan Policy Number  1412-1412189
of Fidelity National Title Insurance Company

This policy is amended by deleting therefrom Condition and Stipulation Section 13.

Nothing herein contained shall be construed as extending to changing the effective date of said policy, unless otherwise expressly stated.

This endorsement, when countersigned below by a validating signatory, is made a part of said policy and is subject to the Exclusions from Coverage, schedules, conditions and stipulations therein, except as modified by the provisions hereof.

DATED:  11-13-2006

Countersigned

By _____
        **Authorized Officer or Agent**

**TIRSA WAIVER OF ARBITRATION ENDORSEMENT LOAN POLICY] (9/1/93)**

# Fidelity National Title Insurance Company

## VARIABLE RATE MORTGAGE ENDORSEMENT

Attached to and made part of Policy No. 1412-1412189
of Fidelity National Title Insurance Company

The Company insures the owner of the indebtedness secured by the insured mortgage against loss or damage sustained by reason of:

1. The invalidity or unenforceability of the lien of the insured mortgage resulting from the provisions therein which provide for changes in the rate of interest.

2. Loss of priority of the lien of the insured mortgage as security for the unpaid principal balance of the loan, together with interest as changed in accordance with the provisions of the insured mortgage, which loss of priority is caused by the changes in the rate of interest.

"Changes in the rate of interest", as used in this endorsement, shall mean only those changes in the rate of interest calculated pursuant to the formula provided in the insured mortgage at Date of Policy.

This endorsement does not insure against loss or damage based upon (a) usury, or (b) any consumer credit protection or truth in lending law.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto, except that the insurance afforded by this endorsement is not subject to Section 3(d) of the Exclusions From Coverage. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the amount of insurance.

DATED: 11-13-2006

Countersigned

By _____
          **Authorized Officer or Agent**

ALTA ENDORSEMENT 6 (Variable Rate Mortgage) (6/1/87) NY (9/1/93)

# Fidelity National Title Insurance Company

## TIRSA TAX PARCEL ENDORSEMENT

## LOAN POLICY

## MORE THAN ONE TAX LOT

Attached to and made part of Policy No. 1412-1412189

The Policy insures against loss or damage which the insured may sustain by reason that the land described in Schedule A is not assessed for real estate tax purposes as seperate tax lots which, when taken together, include no land other than that described in Schedule A.

**THIS ENDORSEMENT** is made a part of the policy and is subject to all the terms and provisions thereof and of any other endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the Policy and any other endorsements, nor does it extend the effective date of the Policy and any other endoresements, nor does it increase the face amount thereof.

**IN WITNESS WHEREOF**, the Company has caused its corporate name and seal to be hereunto affixed by its duly authorized signatory countersigned on the date hereinafter set forth.

DATED: 11-13-2006

Countersigned:

BY:_____
      Authorized Officer or Agent

TIRSA TAX PARCEL ENDORSEMENT (MORE THAN ONE TAX LOT) (LOAN POLICY) (12-27-00)

(c)  Payment in full by any person or the voluntary satisfaction or release of the insured mortgage shall terminate all liability of the Company except as provided in Section 3(a) of these Conditions and Stipulations.

### 10.  LIABILITY NONCUMULATIVE

If the insured acquires title to the estate or interest in satisfaction of the indebtedness secured by the insured mortgage, or any part thereof, it is expressly understood that the amount of insurance under this policy shall be reduced by any amount the Company may pay under any policy insuring a mortgage to which exception is taken in Schedule B or to which the insured has agreed, assumed, or taken subject, or which is hereafter executed by an insured and which is a charge or lien on the estate or interest described or referred to in Schedule A, and the amount so paid shall be deemed a payment under this policy.

### 11.  PAYMENT OF LOSS

(a)  No payment shall be made without producing this policy for endorsement of the payment unless the policy has been lost or destroyed, in which case proof of loss or destruction shall be furnished to the satisfaction of the Company.

(b)  When liability and the extent of loss or damage has been definitely fixed in accordance with these Conditions and Stipulations, the loss or damage shall be payable within 30 days thereafter.

### 12.  SUBROGATION UPON PAYMENT OR SETTLEMENT

(a)  **The Company's Right of Subrogation.**

Whenever the Company shall have settled and paid a claim under this policy, all right of subrogation shall vest in the Company unaffected by any act of the insured claimant.

The Company shall be subrogated to and be entitled to all rights and remedies which the insured claimant would have had against any person or property in respect to the claim had this policy not been issued.  If requested by the Company, the insured claimant shall transfer to the Company all rights and remedies against any person or property necessary in order to perfect this right of subrogation.  The insured claimant shall permit the Company to sue, compromise or settle in the name of the insured claimant and to use the name of the insured claimant in any transaction or litigation involving these rights or remedies.

If a payment on account of a claim does not fully cover the loss of the insured claimant, the Company shall be subrogated to all rights and remedies of the insured claimant after the insured claimant shall have recovered its principal, interest, and costs of collection.

(b)  **The Insured's Rights and Limitations.**

Notwithstanding the foregoing, the owner of the indebtedness secured by the insured mortgage, provided the priority of the lien of the insured mortgage or its enforceability is not affected, may release or substitute the personal liability of any debtor or guarantor, or extend or otherwise modify the terms of payment, or release a portion of the estate or interest from the lien of the insured mortgage, or release any collateral security for the indebtedness.

When the permitted acts of the insured claimant occur and the insured has knowledge of any claim of title or interest adverse to the title to the estate or interest or the priority or enforceability of the lien of the insured mortgage, as insured, the Company shall be required to pay only that part of any losses insured against by this policy which shall exceed the amount, if any, lost to the Company by reason of the impairment by the insured claimant of the Company's right of subrogation.

(c)  **The Company's Rights Against Non-Insured Obligors.**

The Company's right of subrogation against non-insured obligors shall exist and shall include, without limitation, the rights of the insured to indemnities, guaranties, other policies of insurance or bonds, notwithstanding any terms or conditions contained in those instruments which provide for subrogation rights by reason of this policy.

The Company's right of subrogation shall not be avoided by acquisition of the insured mortgage by an obligor (except an obligor described in Section 1(a)(ii) of these Conditions and Stipulations) who acquires the insured mortgage as a result of an indemnity, guarantee, other policy of insurance, or bond and the obligor will not be an insured under this policy, notwithstanding Section 1(a)(i) of these Conditions and Stipulations.

### 13.  ARBITRATION

Unless prohibited by applicable law, either the Company or the insured may demand arbitration pursuant to the Title Insurance Arbitration Rules of the American Arbitration Association.  Arbitrable matters may include, but are not limited to, any controversy or claim between the Company and the insured arising out of or relating to this policy, any service of the Company in connection with its issuance or the breach of a policy provision or other obligation.  All arbitrable matters when the Amount of Insurance is $1,000,000 or less shall be arbitrated at the option of either the Company or the insured.  All arbitrable matters when the Amount of Insurance is in excess of $1,000,000 shall be arbitrated only when agreed to by both the Company and the insured.  Arbitration pursuant to this policy and under the Rules in effect on the date the demand for arbitration is made or, at the option of the insured, the Rules in effect at Date of Policy shall be binding upon the parties.  The award may include attorneys' fees only if the laws of the state in which the land is located permit a court to award attorneys' fees to a prevailing party.  Judgment upon the award rendered by the Arbitrator(s) may be entered in any court having jurisdiction thereof.

The law of the situs of the land shall apply to an arbitration under the Title Insurance Arbitration Rules.

A copy of the Rules may be obtained from the Company upon request.

### 14.  LIABILITY LIMITED TO THIS POLICY; POLICY ENTIRE CONTRACT

(a)  This policy together with all endorsements, if any, attached hereto by the Company is the entire policy and contract between the insured and the Company.  In interpreting any provision of this policy, this policy shall be construed as a whole.

(b)  Any claim of loss or damage, whether or not based on negligence, and which arises out of the status of the lien of the insured mortgage or of the title to the estate or interest covered hereby or by any action asserting such claim, shall be restricted to this policy.

(c)  No amendment of or endorsement to this policy can be made except by a writing endorsed hereon or attached hereto signed by either the President, a Vice President, the Secretary, an Assistant Secretary, or validating officer or authorized signatory of the Company.

### 15.  SEVERABILITY

In the event any provision of this policy is held invalid or unenforceable under applicable law, the policy shall be deemed not to include that provision and all other provisions shall remain in full force and effect.

### 16.  NOTICES, WHERE SENT

All notices required to be given the Company and any statement in writing required to be furnished the Company shall include the number of this policy and shall be addressed to the Company at Fidelity National Title Insurance Company, Claims Department, P.O. Box 45023, Jacksonville, Florida 32232-5023.



*Fidelity National Title Insurance Company*
*P.O. Box 45023*
*Jacksonville, Florida 32232-5023*

™

## FIDELITY NATIONAL TITLE INSURANCE COMPANY



**Owner's Policy of Title Insurance**

*Fidelity National Title Insurance Company*
A Stock Company

*Cg 766078*

**Policy Number 1312- 712593**

## OWNER'S POLICY OF TITLE INSURANCE

*SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, FIDELITY NATIONAL TITLE INSURANCE COMPANY, a California corporation, herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of Insurance stated in Schedule A, sustained or incurred by the insured by reason of:*

1. *Title to the estate or interest described in Schedule A being vested other than as stated therein;*

2. *Any defect in or lien or encumbrance on the title;*

3. *Unmarketability of the title;*

4. *Lack of a right of access to and from the land.*

*The Company will also pay the costs, attorneys' fees and expenses incurred in defense of the title, as insured, but only to the extent provided in the Conditions and Stipulations.*

*IN WITNESS WHEREOF, FIDELITY NATIONAL TITLE INSURANCE COMPANY has caused this policy to be signed and sealed by its duly authorized officers as of Date of Policy shown in Schedule A.*

C & G Land Abstract, LLC.
21 Walt Whitman Road
Huntington Station, New York 11746

*Fidelity National Title Insurance Company*

By: _____

[SEAL]

ATTEST _____                    President

_____

Secretary

Countersigned: _____
                    Authorized Signature
                  (Please print name below)

FORM 1312 (7/05)                                    ALTA Owner's Policy (10-17-92)

# Fidelity National Title Insurance Company

## Schedule A - Owner's Policy

**Amount of Insurance:**  $216,000.00

**Policy No.:**  1312-712593

**File No.:**  CG-76607B

**Date of Policy:**  October 19, 2006

1.    **Name of Insured:**   **CHURCHILL HOMES LLC**

2.    **The estate or interest in the land which is covered by this policy is:** Fee Simple

3.    **Title to the estate or interest in the land is vested in:**

CHURCHILL  HOMES LLC, who acquired title from DAVID LESCH, ESQ., AS REFEREE , by deed dated October 19, 2006 and recorded November 3, 2006 in Crfn: 2006000617262.

4.    **The land referred to in this policy is described as follows:**

See Schedule A attached hereto

**Countersigned:** _____

Authorized Officer or Agent

**(631) 424-2300**
**C & G LAND ABSTRACT, LLC.**

# Fidelity National Title Insurance Company

## Schedule B - Owner's Policy

## Exceptions From Coverage

Policy No.: 1312-712593
File No.: CG-76607B

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of:

1.  Covenants, restrictions, easements, reservations and other matters which may affect the use of the premises insured herein: None.

2.  Policy excepts all the terms, covenants, restrictions, easements and reservations contained in the deed to be insured, if any.

3.  Rights of tenants or persons in possession, if any.

4.  Tax Search herein reflects premises is subject to Sewer Surcharges from 2000/2001 through 2004/2005 - in the event same is not paid at closing. Policy will specifically except said charges.

5.  Until survey is received and read into title, policy will except any state of facts an accurate survey would show.

6.  Company will require proof that at the time of closing, the property as described in Schedule A is vacant and/or that the foreclosed-out fee owners are no longer in possession of the property. Proof may be by Affidavit from the foreclosing lender, referee, purchaser, or from one of their respective attorneys. Note, that if the affidavit is not provided, Company will NOT omit the "tenants or persons in possession" exception from the mortgagee title policies (it will always be excepted in fee policies).

7.  Title to the premises described in Schedule A herein is certified subject to Section 317 CPLR which provides that when a defendant is served in any manner otherthan by personal delivery, such a defendant has the right to defend the action within one year after the defendant obtained knowledge of the judgment, but in any event, no more than 5 years after entry of the judgment upon finding of the court that the defendant did not personally receive notice of the Summons in time to defend and the defendant has a meritorious defense. Policy will except any loss, claim or litigation by reason of insufficiency of service on Deborah Keys, Winston Mason, Mary Keys, Arthur Keys, Jiles Keys, the Estate of Essie May Keys and the Heirs-at-Law of Essie May Keys in the foreclosure Action No. 15633/00, filed in the Supreme Court, Bronx County to foreclose mortgage recorded in Liber 487 Page 195. (Only substituted service filed)

NOTE: This exception may be passed if this Company is asked to insure a purchaser (other than the plaintiff or his nominee) in good faith and for value provided no motion to open the default of such defendant is pending and provided the premises have been vacated by said defendant. (See Sec. 5523, CPLR)V

- continued on next page -

# C & G LAND ABSTRACT, LLC.

### Title No. CG-76607B

### Exceptions From Coverage  (continued)

## DISPOSITION

8. IMPORTANT! Tax search herein reflects metered Water/Sewer Usage charges which may or may not be current and/or actual readings. Company will require a FINAL READING be done prior to closing to insure proper billing to the appropriate party responsible. The DEP has made a determination that any back billing to be done will be the responsibility of the CURRENT OWNER, whether or not they had possession at said time.

9. Satisfactory proof by affidavit must be furnished showing whether any work has been done upon the premises by the City, or any demand made by the City for any work, that may result in charges:

   a) by the New York City Department of Housing Maintenance, Emergency Services;
   b) by the New York City Department of Environmental Protection for Water Tap Closing or any related work;
   c) by the New York City Department of Health.

   whether or not such charges are liens against which this policy insures.

10. Satisfactory proof by affidavit must be furnished showing whether any fees for an inspection, re-inspection, examination or service performed by The Department of Buildings or permit issued by same have been levied, charged, created or incurred that may become a lien on the premises, whether or not such charges are liens against which this policy insures.

    **NOTE:** The above is required due to the inability of this Company to search for these liens because of New York City's failure to properly file notices of these charges. These charges are liens pursuant to titles 17, 24 and 26 of the Administrative Code of The City of New York.

11. IMPORTANT DEP NOTIFICATION: Under a court ordered agreement with the NYC-DEC all properties within the five (5) boroughs are required to have a water meter installed. Any properties not metered will be subject to a 100% surcharge on their frontage bill for the 2000/2001 bill. Polices issued on or after 6/30/00 will take specific exception to any surcharges and/or fees billed in connection with non-metered property.

12. Policy excepts all DEP charges and sewer surcharges through date of closing.

# C & G LAND ABSTRACT, LLC.

## Title No. CG-76607B

## S C H E D U L E   A

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough and County of the Bronx, City and State of New York, being more particularly bounded and described as follows:

BEGINNING AT A point on the easterly side of Wickham Avenue, distant 108.89 feet southerly from the corner formed by the intersection of the easterly side of Wickham Avenue with the southerly side of Bussing Avenue;

RUNNING THENCE Easterly at right angles to Wickham Avenue, 95 feet;

THENCE Southerly parallel with Wickham Avenue, 25 feet;

THENCE Westerly again at right angles to Wickham Avenue, 95 feet to the easterly side of Wickham Avenue

THENCE Northerly along the easterly side of Wickham Avenue, 25 feet to the point or place of BEGINNING.

PREMISES KNOWN AS: Section: 17  Block: 5009  Lot: 76

**FOR CONVEYANCING ONLY**

The policy to be issued under this report will insure the title to such buildings and improvements erected on the premises which by law constitute real property.

TOGETHER with all the right, title and interest of the party of the first part, of, in and to the land lying in the street in front of and adjoining said premises.

# Fidelity National Title Insurance Company

File No.:  CG-76607B

## STANDARD NEW YORK ENDORSEMENT

## (OWNER'S POLICY)

1.  The following is added to the insuring provisions on the face page of this policy:

"5. Any statutory lien for services, labor or materials furnished prior to the date hereof, and which has now gained or which may hereafter gain priority over the estate or interest of the insured as shown in Schedule A of this policy."

2.  The following is added to Paragraph 7 of the Conditions and Stipulations of this policy:

"(d) If the recording date of the instruments creating the insured interest is later than the policy date, such policy shall also cover intervening liens or incumbrances, except real estate taxes, assessments, water charges and sewer rents."

Nothing herein contained shall be construed as extending or changing the effective date of the policy unless otherwise expressly stated.

This endorsement, when countersigned below by a validating signatory, is made part of this policy and is subject to the Exclusions from Coverage, Schedules, Conditions and Stipulations therein, except as modified by the provisions hereof.

DATED:  10-19-2006

Countersigned

By _____
    Authorized Officer or Agent

STANDARD NEW YORK ENDORSEMENT (9/1/93)
FOR USE WITH ALTA OWNER'S POLICY (10-17-92)

## 12. PAYMENT OF LOSS

(a)  No payment shall be made without producing this policy for endorsement of the payment unless the policy has been lost or destroyed, in which case proof of loss or destruction shall be furnished to the satisfaction of the Company.

(b)  When liability and the extent of loss or damage has been definitely fixed in accordance with these Conditions and Stipulations, the loss or damage shall be payable within 30 days thereafter.

## 13. SUBROGATION UPON PAYMENT OR SETTLEMENT

(a)  **The Company's Right of Subrogation.**

Whenever the Company shall have settled and paid a claim under this policy, all right of subrogation shall vest in the Company unaffected by any act of the insured claimant.

The Company shall be subrogated to and be entitled to all rights and remedies which the insured claimant would have had against any person or property in respect to the claim had this policy not been issued.  If requested by the Company, the insured claimant shall transfer to the Company all rights and remedies against any person or property necessary in order to perfect this right of subrogation.  The insured claimant shall permit the Company to sue, compromise or settle in the name of the insured claimant and to use the name of the insured claimant in any transaction or litigation involving these rights or remedies.

If a payment on account of a claim does not fully cover the loss of the insured claimant, the Company shall be subrogated to these rights and remedies in the proportion which the Company's payment bears to the whole amount of the loss.

If loss should result from any act of the insured claimant, as stated above, that act shall not void this policy, but the Company, in that event, shall be required to pay only that part of any losses insured against by this policy which shall exceed the amount, if any, lost to the Company by reason of the impairment by the insured claimant of the Company's right of subrogation.

(b) **The Company's Rights Against Non-Insured Obligors.**

The Company's right of subrogation against non-insured obligors shall exist and shall include, without limitation, the rights of the insured to indemnities, guaranties, other policies of insurance or bonds, notwithstanding any terms or conditions contained in those instruments which provide for subrogation rights by reason of this policy.

## 14. ARBITRATION

Unless prohibited by applicable law, either the Company or the insured may demand arbitration pursuant to the Title Insurance Arbitration Rules of the American Arbitration Association.  Arbitrable matters may include, but are not limited to, any controversy or claim between the Company and the insured arising out of or relating to this policy, any service of the Company in connection with its issuance or the breach of a policy provision or other obligation.  All arbitrable matters when the Amount of Insurance is $1,000,000 or less shall be arbitrated at the option of either the Company or the insured.  All arbitrable matters when the Amount of Insurance is in excess of $1,000,000 shall be arbitrated only when agreed to by both the Company and the insured.  Arbitration pursuant to this policy and under the Rules in effect on the date the demand for arbitration is made or, at the option of the insured, the Rules in effect at Date of Policy shall be binding upon the parties.  The award may include attorneys' fees only if the laws of the state in which the land is located permit a court to award attorneys' fees to a prevailing party.  Judgment upon the award rendered by the Arbitrator(s) may be entered in any court having jurisdiction thereof.

The law of the situs of the land shall apply to an arbitration under the Title Insurance Arbitration Rules.

A copy of the Rules may be obtained from the Company upon request.

## 15. LIABILITY LIMITED TO THIS POLICY; POLICY ENTIRE CONTRACT

(a)  This policy together with all endorsements, if any, attached hereto by the Company is the entire policy and contract between the insured and the Company.  In interpreting any provision of this policy, this policy shall be construed as a whole.

(b)  Any claim of loss or damage, whether or not based on negligence, and which arises out of the status of the title to the estate or interest covered hereby or by any action asserting such claim, shall be restricted to this policy.

(c)  No amendment of or endorsement to this policy can be made except by a writing endorsed hereon or attached hereto signed by either the President, a Vice President, the Secretary, an Assistant Secretary, or validating officer or authorized signatory of the Company.

## 16. SEVERABILITY

In the event any provision of the policy is held invalid or unenforceable under applicable law, the policy shall be deemed not to include that provision and all other provisions shall remain in full force and effect.

## 17. NOTICES, WHERE SENT

All notices required to be given the Company and any statement in writing required to be furnished the Company shall include the number of this policy and shall be addressed to the Company at Fidelity National Title Insurance Company, Claims Department, P.O. Box 45023, Jacksonville, Florida 32232-5023.



*Fidelity National Title Insurance Company*
*P.O. Box 45023*
*Jacksonville, Florida 32232-5023*

FIDELITY NATIONAL TITLE INSURANCE COMPANY

EXHIBIT "U"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ESTATE OF ESSIE MAE KEYS, DEBRAH
KEYS,

                           Plaintiffs,

        -against-                                          07 Civ. 6561 (RJH)

                                                           **ORDER**

UNION PLANTERS BANK, N.A., et al.,

                           Defendants.


        The Court withdraws the scheduling order dated September 28, 2007. The Court sets the

following schedule:

        1. Pursuant to Fed. R. Civ. P. 4(m), plaintiffs must serve defendants with the complaint

by November 19, 2007. Failure to do so will result in dismissal.

        2. Provided that plaintiffs have served their complaint, defendants shall file their motion

to dismiss by December 5, 2007.

        3. Plaintiffs shall file their opposition papers by January 7, 2007.

        4. Defendants shall file their reply by January 21, 2007.


SO ORDERED.

Dated: New York, New York
       October 29, 2007

                                        _____
                                        Richard J. Holwell
                                        United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ESTATE OF ESSIE MAE KEYS, DEBRAH KEYS,
individually and legal representative of estate,

        Case No.: 07-CV-3025

                  Plaintiffs,

        **AFFIDAVIT OF SERVICE**

     -against-

UNION PLANTERS BANK, N.A. now REGIONS BANK
a subsidiary of REGIONS FINANCIAL CORPORATION,
REGIONS FINANCIAL CORPORATION,
COUNTRYWIDE HOME LOANS, INC. DBA
AMERICA'S WHOLESALE LENDER a subsidiary of
COUNTRYWIDE FINANCIAL CORPORATION,
COUNTRYWIDE FINANCIAL CORPORATION,
DAVID LESCH, ESQ., CHURCHILL HOMES, LLC,
BETTER HOMES DEPOT INC., BETTER HOMES DEPOT
OF THE BRONX INC., VENETIAN HOMES, INC.,
ERLAN HOLDING CORP., NEW YORK COMMUNITY
BANK, NEW YORK COMMUNITY BANCORP INC.,
C & G LAND ABSTRACT, LLC FIDELITY NATIONAL
TITLE INS. CO. a/k/a FIDELITY NATIONAL TITLE
GROUP, FIDELITY NATIONAL FINANCIAL, INC.,
Jointly and Severally,

                  Defendants.
------------------------------------------------------------------X

STATE OF NEW YORK,
          SS.:
COUNTY OF NEW YORK

      I, Rosa Tricarico, being sworn, say: I am not a party to the action. I am over 18 years of age
and residing in Kings County.

      On the 30th day of October 2007, I served the within ORDER dated October 29 2007 on:

Debrah Keys
4164 Wickham Avenue
Bronx, New York 10466

Regions Financial Corporation
417 North 20th Street
Birmingham, Alabama 35203

Regions Bank, N.A.
417 North 20th Street
Birmingham, Alabama 35203

Countrywide Home Loans, Inc.
DBA America's Wholesale Lender
4500 Park Granada Blvd., CH-11
Calabasas, California 91302

Countrywide Financial Corporation
4500 Park Granada Blvd., CH-11
Calabasas, California 91302

David Lesch, Esq.
860 Grand Concourse
Bronx, New York  10466

Venetian Homes Inc.
One Old Country Road
Carle Place, New York 11514

Erlan Holding Corp.
One Old Country Road
Carle Place, New York 11514

Erlan Holding Corp.
467 North Avenue
New Rochelle, New York 10801

by depositing a true copy thereof enclosed in a post-paid wrapper,  in an official depository under
the exclusive care and custody of the U.S. Postal Service within New York State, addressed to them
at their last known address set forth after their name

_Rosa Trican_
Rosa Tricarico

Sworn to before me on the
30th day of October, 2007

Notary Public

THOMAS P. MALONE
Notary Public, State of New York
No. 02MA5073433
Qualified in New York County
Commission Expires February 24, 20 11