ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York 10022
(212) 223-0400
PHILIP S. ROSEN (PR 0116)
Attorneys for Defendants Countrywide Home Loans, Inc.
 d/b/a America's Wholesale Lender and Countrywide
 Financial Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESTATE OF ESSIE MAE KEYS, DEBRAH KEYS, individually and legal reprsentative of estate,<br><br>Plaintiffs,<br><br>- against -<br><br>UNION PLANTERS BANK, N.A. now REGIONS BANK a subsidiary of REGIONS FINANCIAL CORPORATION, REGIONS FINANCIAL CORPORATION, COUNTRYWIDE HOME LOANS, INC. d/b/a AMERICA'S WHOLESALE LENDER, A SUBSIDIARY OF COUNTRYWIDE FINANCIAL CORPORATION, COUNTRYWIDE FINANCIAL CORPORATION, DAVID LESCH, ESQ., CHURCHILL HOMES, LLC, BETTER HOMES DEPOT INC., BETTER HOMES DEPOT OF THE BRONX INC., VENETIAN HOMES INC., ERLAN HOLDING CORP., NEW YORK COMMUNITY BANK a primary division of NEW YORK COMMUNITY BANCORP INC., NEW YORK COMMUNITY BANKCORP INC., C & G LAND ABSTRACT, LLC, FIDELITY NATIONAL TITLE INS. CO. a/k/a FIDELITY NATIONAL TITLE GROUP a wholly-owned subsidiary of FIDELITY NATIONAL FINANCIAL, INC., FIDELITY NATIONAL FINANCIAL, INC., Jointly and Severally,<br><br>Defendants. | Case No.: 07 CIV 6561<br><br>**ANSWER AND CROSS-CLAIM TO AMENDED COMPLAINT ON BEHALF OF THE COUNTRYWIDE DEFENDANTS** |

Defendants Countrywide Home Loans, Inc. d/b/a America's Wholesale Lender ("CHL") and Countrywide Financial Corporation ("CFC") (collectively, the "Countrywide Defendants") by their attorneys, Zeichner Ellman & Krause LLP, respond to the amended complaint, upon information and belief, as follows:

1. The Countrywide Defendants have no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 23, 24, 25, 26, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39 and 45 and, therefore, deny each and every allegation.

2. The Countrywide Defendants deny each and every allegation contained in the paragraphs of the Amended Complaint styled "Introduction – General Information," as well as paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 28, 40, 41, 42, 43, 44, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 67, 68, 69, 70, 71, 72, 73, 75, 76, 77, 78, 80, 81, 82, and deny each and every allegation contained in the paragraphs of the Amended Complaint styled "Prayer for Relief," "Demand for Trial by Jury," and "Summary."

3. CHL admits, in paragraph 27 of the Amended Complaint, that CHL is licensed to transact business in New York and otherwise denies the remainder of the allegations contained in this paragraph.

4. Paragraphs 47, 66, 74 and 79 of the Amended Complaint incorporate by reference allegations from other specified paragraphs of the Amended Complaint and the Countrywide Defendants hereby incorporate their responses to these paragraphs as if set forth in full to the foregoing referential Amended Complaint paragraphs.

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a cause of action against the Countrywide Defendants upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Countrywide Defendants breached no contractual or common-law obligations owed to plaintiff.

### THIRD AFFIRMATIVE DEFENSE

The Countrywide Defendants breached no constitutional or statutory duty or obligation owed to plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any damage or loss by reason of any acts or omissions of the Countrywide Defendants.

### FIFTH AFFIRMATIVE DEFENSE

Any harm and/or damages allegedly sustained by plaintiff resulted from her own acts or omissions, or the intervening/superseding action of third parties for whom the Countrywide Defendants are not responsible.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Countrywide Defendants should be dismissed, or the relief sought in the Amended Complaint reduced, because of plaintiff's failure to mitigate damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Countrywide Defendants are barred by the Rooker-Feldman doctrine.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Countrywide Defendants are barred by the doctrines of res judicata and collateral estoppel.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Countrywide Defendants were extinguished by the state court's entry of final judgment of foreclosure against plaintiff and in favor of the Countrywide Defendants, in the matter styled Countrywide Home Loans, Inc. v. Debrah Keys, et al., Index No. 15633/00 (Sup. Ct. Bronx County).

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Countrywide Defendants are barred by the doctrines of estoppel, waiver, laches and unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff should be barred from any recovery to the extent she received any benefit from the actions alleged in the Amended Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

The Countrywide Defendants acted at all times in good faith and in accordance with the reasonable commercial standards applicable to their business.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has no legal standing to maintain her claims against the Countrywide Defendants.

### CROSS-CLAIM

1. If plaintiff sustained the damages in the manner alleged, and if it is found that the Countrywide Defendants are liable to plaintiff, then the Countrywide Defendants are entitled to indemnification and/or contribution and judgment against co-defendants Union Planters Bank, N.A. now Regions Bank a subsidiary of Regions Financial Corporation, Regions Financial Corporation, David Lesch, Esq., Churchill Homes, LLC, Better Homes Depot Inc., Better Homes Depot of the Bronx Inc., Venetian Homes Inc., Erlan Holding Corp., New York Community Bank, a primary division of New York Community Bancorp Inc., C & G Land Abstract, LLC, Fidelity National Title Ins. Co., a/k/a Fidelity National Title Group, a wholly-owned subsidiary of Fidelity National Financial, Inc. Fidelity National Financial, Inc., Jointly and Severally (collectively, "Defendants"), for all or part of any judgment plaintiff may recover against the Countrywide Defendants.

2. The Countrywide Defendants demand an answer to this cross-claim.

WHEREFORE, the Countrywide Defendants demand judgment as follows:

(a)    dismissing the Amended Complaint in all respects;

 (b) judgment on its cross-claim against Defendants in the amount of any judgment granted in favor of plaintiff against the Countrywide Defendants.

 (c) the costs and disbursements of this action; and

 (d) such other and further relief as is just.

Dated: New York, New York
December 5, 2007

ZEICHNER ELLMAN & KRAUSE LLP

By: _____
Philip S. Rosen (PR 0116)
Attorneys for Defendants Countrywide Home
Loans, Inc., d/b/a America's Wholesale
Lender, and Countrywide Financial
Corporation
575 Lexington Avenue
New York, New York 10022
(212) 223-0400

TO: Ms. Debrah Keys
Plaintiff, Pro Se
4164 Wickham Avenue
Bronx, New York 10466

Thomas P. Malone, Esq.
The Empire State Building
350 Fifth Avenue, Suite 5016
New York, New York 10118
Attorneys for the Fidelity Defendants

514765.01/2978-071/PSR