USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/8/08

March 24, 2008



Honorable Richard J. Holwell
United States District Court
Southern District of New York     **AFFIDAVIT**
United States Courthouse     **LETTER TO COURT**
500 Pearl Street, Room 1920
New York, New York 10007-1312

This letter is Court Record, as signed and sworn.

I, Debrah Keys (Plaintiff), swear that upon this Affidavit, all statements herein are truthful, sworn testimony as stated, to the best of my knowledge and belief, so help me God.

    Re:    Estate of Essie Mae Keys, Debrah Keys v. Union Planters Bank, N.A. now
            Regions Bank, et al
            Docket No. 07-CV-6561

Dear Judge Holwell:

    I am the Plaintiff in the above referenced action. I am in receipt of the Court's Order directing the parties to file specific motions by March 31, 2008, April 21, 2008 and April 30, 2008, based upon a letter written to the Court on February 27, 2008 by Attorney Thomas P. Malone. Plaintiff requests clarification and reconsideration of this order.

    The order states in the first paragraph "Application Granted. The Court converts the Fidelity Defendants Motion To Dismiss into a Motion for Summary Judgment. The Fidelity Defendants shall serve and file on Plaintiffs a Notice to Pro Se Litigants opposing Summary Judgment (see Local Civil Rule 56.2)". What does the Court mean "The Fidelity Defendants Motion To Dismiss"? and, "The Fidelity Defendants shall serve and file on Plaintiffs a Notice to Pro Se Litigants opposing Summary Judgment (see Local Rule 56.2)"?

    Are not the other five defendants to do the same?, according to the Federal Rules of Civil Procedure. If the court will carefully note The Notice of Motion for Motion To Dismiss in lieu of answer to Plaintiff's Amended Complaint pursuant to Rule 12(b)(6), filed with the Court on December 7, 2007, by and through attorney of record Thomas P. Malone for Defendants Churchill Homes, LLC., Better Homes Depot Inc., New York Community Bank, New York Community Bancorp Inc., C & G Land Abstract, LLC., Fidelity National Title Ins. Co. a/k/a Fidelity National Title Group, Fidelity National Financial, Inc. All of the above named defendants, by and through their attorney of record Thomas P. Malone filed the above mentioned Motion To Dismiss, and are party defendants in this action.

    The Court did not address these other five defendants in its Order. The Fidelity Defendants consist of two defendants in the instant action. All above named defendants were properly and personally served, by Professional Process Service with Plaintiff's Amended Complaint, as required by the Court's first order. All Affidavits of Service are on file with the

Court. Further, The Motion To Dismiss filed by the above named defendants did not include the required 56.1 Statement, which are grounds for the Motion To Dismiss, to be denied.

The Court's Order states By March 31, 2008, "All defendants shall file an opposition to Plaintiff's Motion for Summary Judgment". In fact, there being multiple defendants to the instant action, seven of those defendants being represented by and through counsel of record Thomas P. Malone, plaintiff request that the Court clarify "All defendants", specifically by name, so as to be certain as to which defendants the Court is referring to. This clarification is imperative for Plaintiff to proceed with her case. It may be necessary for Plaintiff to request, as per the Court's Order, to file a Motion before the Court's set dates, however, Plaintiff cannot proceed without full understanding of the Court's Order. Plaintiff filed for Judgment on the Pleadings against all of the above named defendants and the Countrywide defendants, the Motion was unopposed, by all of the defendants, within the specified time frame according to the FRCP.

Plaintiff states that she strenuously objects to the letter written to the Court on Februray 27, 2008 by attorney Thomas P. Malone, to influence the Court to show favortism toward his clients, and to knowingly continue to conceal his clients fraud and further violate Plaintiffs rights, which are guaranteed in the Constitution of the United States of America. The Court need only look at the Motion To Dismiss filed by Mr. Malone, and his previous letters to the court, which clearly contradict his February 27, 2008 letter that states he filed on behalf of The Fidelity Defendants, to dismiss this action, pursuant to the Court's October 29, 2007 Scheduling Order. This implies that the Court is a party to the action, which, as he states, directed him to file a Motion To Dismiss, pursuant to Rule 12(b)(6). Once again, Mr. Malone has perjured his oath in a court proceeding before this Federal District Court, shown disrespect for the Court itself and the judicial proceeding alike, which Plaintiff has repeatedly pointed out to the Court. It appears that through his continuous letter writing to the Court has violated Plaintiff's rights, namely the right to due process of law and equal protection under the law. Further, it appears that Plaintiff's case is being tried, through a series of perjured letters to the Court from counsel Thomas P. Malone. When Plaintiff rebuts and refutes counsel's letters, plaintiff's letters are not entered on the public record, however, Mr. Malone's letters are endorsed by the Court and entered on the record.

The Court's order granted the Countrywide defendants leave to file a cross-motion for Summary Judgment based on attorney Thomas P. Malone's letter asking the Court to grant this to Countrywide. Attorney Thomas P. Malone does not represent Countrywide and is not the attorney of record for Countrywide. He has no legal standing to speak for Countrywide. In fact, the Countrywide defendants have an attorney of record in this case, who is Philip S. Rosen, and, who has filed no pleadings whatsoever with the Court requesting that the Countrywide defendants be allowed to file a cross-motion for Summary Judgment. For this reason the Court should reconsider and not allow the cross-motion for Summary Judgment to be filed by the Countrywide defendants. Moreover, counsel Thomas P. Malone has no legal standing to speak for Plaintiffs', as he has done in his perjured and deceptive letter.

Further, the Court should not lose sight of Plaintiffs' just claim and why Plaintiffs' are before this Federal District Court. It is to redress the deprivations of Plaintiffs' Federal Constitutional Rights and Civil Rights, due to the unlawful and pernicious acts and conduct of the Defendants use of the state courts, which facilitated the Defendants. Also, the serious

concerns, questions and charges raised throughout Plaintiff's pleadings, specifically and with particularity about the defendants operations and practices, which amount to fraud and violate state and federal laws, which defendants have failed or refused to address, answer, rebut or refute, with particularity, within a legal time frame. Plaintiff has not received the benefit of a single hearing before the Court.

As per the Court's Oder that the parties shall seek permission of the Court before filing any further motions, plaintiff request permission of the Court to Amend her Judgment On The Pleadings, in the interest of justice and her right to due process of law. Plaintiff further requests Oral Arguments involving the matters herein.

Pro-se parties are often unfamiliar with the formalities of pleading requirements. Recognizing this, the U.S. Supreme Court has instructed (see HUGHES V. ROWE, 449 U.S. 5, 9-10, 101 S. Ct. 173, 175-176, 66 L. Ed. 2d 163 (1980) (per curiam); HAINES V. KERNER, 404 U.S. 519, 520-521, 92 S. Ct. 594, 595-596, 30 L. Ed.@d 652(1972) (per curiam) ; see ELLIOT V. BRONSON, 872 F. 2d 20, 21 (2d Cir. 1989) ; also see, CONLEY V. GIBSON, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2L.Ed.2d 80 (1957) all courts are to construe pro-se pleadings liberally and to apply a more flexible standard in reviewing a pro-se pleading and claim. It could also be argued that to dismiss, or ignore, a pro-se pleading in which a serious factual pattern or allegation of a cause of action has been made would itself be violative of procedural due process as it would deprive a pro-se litigant of equal protection of the law visa-vis a party who is represented by counsel.

Dated: March 24, 2008
       Bronx, New York

Respectfully submitted,

Debrah Keys
4164 Wickham Avenue
Bronx, New York 10466
(212) 252 - 4473

Copies to:
Attorneys Of Record:
1) Thomas P. Malone
2) Philip S. Rosen

SWORN TO BEFORE ME ON THE

24 day of March - 2008
NOTARY PUBLIC

CHEN, YUAN JIE
Notary Public, State of New York
No. 01CH6012510
Qualified in New York County
Commission Expires Aug. 31, 20 10

[Handwritten annotation:] To clarify, "Fidelity defendants" refers to Fidelity National Title Insurance Co., Fidelity National Title Group, Fidelity National Financial, Churchill Homes, Better Home Depot, New York Community Bank, New York Community Bancorp and C & G Land Abstract. "Countrywide defendants" refers to Countrywide Home Loans Inc d/b/a America's Wholesale Lender & Countrywide Financial Corporation. "All defendants" refers to all defendants who have appeared in this action. Plaintiff is advised to raise her legal arguments regarding the substance of the pending motions in her opposition & reply papers. SO ORDERED R. [signature] 4/4/08